## CAPLE *v.* CRANE ET AL.

*Referees — Amendment of pleadings — Findings of fact — Review by court on weight of evidence — Breach of contract to sell realty — Special damages — Mutual knowledge of particular use prerequisite, when.*

1. A referee, to whom a chancery action has been referred with directions to make and report separate findings of fact and conclusions of law thereon, has authority to allow an amendment to a pleading, providing it does not substantially change the cause of action or defense.

2. The findings of fact made by a referee have the same force and effect as if made by the court, and cannot be set aside by the court on the claim that they are contrary to the weight of the evidence, unless they are clearly and manifestly contrary thereto.

3. One who contracts to sell farm land, and thereafter refuses to complete the sale, is not liable to respond for special damages merely because he had knowledge of the particular circumstances claimed to entitle the purchaser to special damages, unless the special damages may reasonably be supposed to have been within the mutual contemplation of both parties at the time the contract was executed.

4. Where the seller has not been advised, admonished nor notified of circumstances claimed to entitle the purchaser to special damages, and where such damages were not within the contemplation of both parties at the time of the sale, a breach of the contract by the seller does not render him liable for more than ordinary damages.

(Decided March 8, 1920.)

APPEAL: Court of Appeals for Lucas county.

*Mr. L. W. Morris* and *Messrs. Tracy, Chapman & Welles,* for plaintiff.

*Messrs. Geer & Lane,* for defendants.

RICHARDS, J. This action, as originally commenced in the court of common pleas, was one for the specific performance of a contract to convey

real estate.   The action has been in this court here-tofore, and on that occasion this court held, among other things, that it was impossible for the defend-ants fully to perform their obligation to convey the real estate, but that the plaintiff being unable to secure specific performance was entitled in this suit, in lieu thereof, to recover such damages as would compensate him for loss resulting from the failure of the defendants to perform the contract.   It is reported in *Caple* v. *Crane et al.,* 10 Ohio App., 461.  The case was thereupon remanded to the court of common pleas, in which court the trial judge called to his aid a jury for the purpose of assessing the amount of damages to which the plaintiff was entitled, and that jury found the amount of such damages to be $742, and a decree was rendered for the plaintiff for that amount.   Thereupon the plaintiff, not being satisfied with the amount awarded him, appealed to this court, and a referee was appointed by this court with directions to de-termine the issues as to the amount of damages to which the plaintiff is entitled and to make separate findings of fact and conclusions of law thereon. The referee received evidence offered by both par-ties and has made to this court a report of his con-clusions and findings.   Motions for new trial were filed before the referee and overruled, and a bill of exceptions taken, setting forth all the evidence offered and the findings and conclusions by him made, and the case is now for hearing by this court upon the evidence and the report and conclusions of the referee.

A preliminary question is raised as to the power of the referee to permit an amendment.   On the

hearing of the case the plaintiff asked leave of the
referee to file an amendment to his petition, more
specifically setting forth his claim to recover special
damages, and the referee, over the objections and
exceptions of the defendants, permitted the amend-
ment. It is now insisted by counsel for the defend-
ants, that the referee had no power or authority
to permit the amendment. While the statute does
not specifically empower a referee to pass upon an
application to allow an amendment in an action
which has been referred to him, yet, we think, by
reason of the wide powers vested in a referee, he
has the right in an action pending before him to
permit an amendment which does not substantially
change the cause of action or defense. That right
is assumed to exist by the supreme court in the
case of *City of Cincinnati* v. *Cameron,* 33 Ohio St.,
336, 355, and was directly held to exist in the
opinion of the court in *Guthrie & Sons* v. *Angosta
Milling Co.,* 17 C. C., 256, 259. The rule as thus
announced is so stated in 1 Bates' Pleading, Prac-
tice, Parties and Forms, 777. We conclude, there-
fore, that the referee committed no error in per-
mitting the plaintiff to file an amendment to the
petition, setting forth more appropriately and spe-
cifically his claim to recover special damages.

The land which is owned by the defendants and
for which on January 31, 1917, they gave an option
to the plaintiff to purchase, is situated in Wood
county, and was supposed to contain 104 acres, but
the option provided for a survey of the land, and
upon the making of that survey it was demon-
strated that the land contained in fact 112.7069
acres. The fourth, fifth, sixth, seventh, eighth,

ninth, tenth and eleventh findings of fact of the referee are as follows:

"(4)    At the time of the transaction between plaintiff and defendants, and for a number of years prior thereto, plaintiff owned a farm of approximately forty-seven acres, lying along the Oregon Road for approximately half a mile and abutting upon the property which the defendants agreed to sell to plaintiff, for approximately half a mile, the Oregon Road being the easterly boundary of plaintiff's said property and defendant's said property being the westerly boundary thereof.

"(5)    The tract of land which defendants had agreed to sell plaintiff was not upon any highway. The public highway nearest to it was and is the Oregon Road, which is distant about fifty rods from said property, that being the width of plaintiff's farm above mentioned.    The natural drainage of plaintiff's said tract was and is easterly through plaintiff's said farm to the ditch along the Oregon Road.    [The word 'plaintiff's', first appearing in the preceding sentence, doubtless means 'defendants'].

"(6)    The tract which defendants had agreed to sell to plaintiff had greater market value per acre on February 23, 1917, if it were on that date a part of a whole farm comprised of said tract and of plaintiff's adjoining forty-seven acre tract, all being under one ownership, than it had on said date as a separate tract not having access to the Oregon Road, over and through said forty-seven acre tract.

"(7)    On said 23rd day of February, 1917, plaintiff also, with his wife, owned 66,67 acres

fronting upon the Oregon Road half a mile south of the land in question, upon which there were no buildings. The wife of the plaintiff owned sixty acres on the Oregon Road adjoining on the north the land of the plaintiff, upon which they lived and upon which there were no buildings other than a dwelling house.

"(8) On the 23rd day of February, 1917, and during the negotiations had between the plaintiff and the defendants prior to that date, said defendants and each of them, had full knowledge of all the facts hereinbefore in paragraphs (4), (5), (6) and (7) set forth.

"(9) While defendants, and each of them, had full knowledge as in the preceding paragraph herein set forth, of the matters set forth in paragraph (4), (5), (6) and (7), they, or either of them, were not advised, admonished or notified that the plaintiff was entering into said contract having in mind the facts set forth in said paragraphs (4), (5), (6) and (7), nor were defendants, or either of them, advised, admonished or notified that in the event of a breach of said contract they would be called upon to respond in damages on account of the matters and things set forth in said paragraphs (4), (5), (6) and (7), nor were said matters discussed between said parties.

"(10) Said tract which the defendants had agreed to sell to plaintiff was suitable for use, and at and prior to February 23rd, 1917, was in use, as farm property, as was plaintiff's adjoining forty-seven acre tract. The plaintiff entered into the contract with the defendants for the purchase of

defendants' said tract with the intention of farming and using same in connection with plaintiff's forty-seven acre tract, but the purpose for which plaintiff intended to use said tract was never brought to the attention of the defendants, or either of them, and they had no knowledge of the use to which plaintiff intended to put said tract.

"(11)  At the time of the transaction between plaintiff and defendants involved in this case, plaintiff had on his said farm, buildings and farm equipment of all kinds sufficient to enable him to properly farm without additional buildings or equipment the tract which defendants had agreed to sell plaintiff as a part of a farm consisting of plaintiff's forty-seven acre tract and said tract of defendants, but neither of the defendants had knowledge of the matters in this paragraph set forth."

As his conclusions of law the referee found that the plaintiff was damaged by the failure of the defendants to carry out their contract to the extent of the difference between the contract price of $175 per acre and the market value of the property standing alone on February 23, 1917, which the referee found to be $220 per acre, making $45 per acre damage, or an aggregate of $5,071.81.  The referee further found as a conclusion of law that the plaintiff was not entitled to recover special damages.

Because of the contention that the referee's findings of fact as to the amount of damages are not sustained by the evidence, and are contrary thereto, we have given careful consideration to the evidence set forth in the bill of exceptions.  The find-

ings of fact reported by the referee stand as a verdict of a jury or a decision of the court and must be so treated by this court, the rule being concisely stated in 23 Ruling Case Law, 299, as follows:

"A referee's finding of a question of fact is entitled to the same weight as a special verdict of a jury, where the evidence was produced before and heard by him, or, as otherwise stated, must be given the same dignity on appeal as is required by the established practice as to any conclusion of fact made by a trial court. It should be sustained, unless plainly not warranted by any reasonable view of the evidence."

As a result of our study of the evidence relating to value contained in the bill of exceptions, we find at least the usual differences of opinion among the witnesses who have testified for the respective parties. Sixteen witnesses testified on behalf of the plaintiff as to the value of the real estate in controversy, while nineteen testified on the same subject on behalf of the defendants. The witnesses who were called to testify on value were evidently men of the highest integrity and thoroughly qualified to state the value of this real estate. Were it not for the fact that this court has had considerable experience in reviewing cases where witnesses have expressed their opinions as to the value of real estate, we should have been astounded at the differences of opinion on the value of this land. The witnesses called on behalf of the plaintiff vary in their opinions as to value, the lowest estimate given on behalf of the plaintiff being $275 per acre, and the highest $350 per acre, in estimating the tract as a single tract standing alone, while the witnesses

called on behalf of the defendants place that value at from $145 per acre to $175 per acre. The referee, weighing all this evidence, and seeking to ascertain therefrom the true value of the property in February, 1917, found and reported the value to have been $220 per acre for the tract standing alone. We cannot say that this finding is not supported by sufficient evidence, and it must therefore stand.

The plaintiff insists the referee committed error to his prejudice in refusing to allow special damages which he urges are shown to exist not only by the evidence but the findings thereon of the referee. The record discloses that the forty-seven acre tract owned by the plaintiff abuts on the west side of the road for a distance of a half a mile and that the tract of land which he had agreed to purchase of the defendants abuts on the west side of the forty-seven acre tract, so that if the purchase had been completed the plaintiff would have been the owner of one entire tract consisting of the forty-seven acres and the one hundred and twelve and a fraction acres. Caple also owned sixty-six and two-thirds acres lying one-half a mile to the south of the forty-seven acre tract, and he and his wife owned sixty acres adjoining the forty-seven acre tract on the north. The defendants had, of course, full knowledge of these facts, but neither of them was advised, admonished nor notified that the plaintiff was entering into the contract having these facts in mind, nor that they would be called upon in the event of a breach to respond in damages by reason of these facts, nor were these facts discussed by the parties.

It is true, that at the time of the transaction the plaintiff had farm buildings and equipment on the forty-seven acre tract sufficient to enable him to properly farm the land which defendants had agreed to sell to him, but it does not appear that the defendants were aware of these matters. The rule of law laid down for the purpose of determining whether a plaintiff is entitled to special damages is succinctly stated in 17 Corpus Juris, 747, in the following language:

"In order that knowledge of special circumstances may increase the liability arising in the case of a breach of the contract it must have been brought home to the party sought to be charged under such circumstances that he must know that the person he contracts with reasonably believes that he accepts the contract with the special condition attached to it. Mere notice, as such, does not have the effect of rendering a party liable to more than ordinary damages, and obviously notice given after the contract is made is not sufficient."

Unless the circumstances by reason of which the plaintiff claims to be entitled to special damages for the breach of the contract can be reasonably supposed to have been within the contemplation of both parties thereto at the time it was made, special damages can not be awarded, and the knowledge must be brought home to the parties under such circumstances that it may be reasonably supposed the contract was entered into with the special condition attached. *Globe Refining Co.* v. *Landa Cotton Oil Co.,* 190 U. S., 540.

The rule is well stated in *Pusey & Jones Co.* v. *Combined Locks Paper Co.*, 255 Fed. Rep., 700, at page 708, in the following language:

"As I understand the rule, the contemplation of one of the parties is not sufficient; it must be a mutual and reciprocal contemplation produced by such particularity of attendant circumstances as should preclude both parties from saying that they were not, in effect, in law incorporated into the engagement."

This decision was rendered by the district court of the eastern district of Wisconsin and was affirmed by the circuit court of appeals in a *per curiam* decision in *Combined Locks Paper Co.* v. *Pusey & Jones Co.*, 258 Fed. Rep., 989, in which it is stated that the opinion of the district court fully and fairly sets forth the issues and the facts and "we approve of the opinion and herewith adopt it."

The danger of announcing without qualification a rule which would render a defendant liable for special damages where he merely had knowledge of the uses to which the property was to be devoted is well stated in the case of *Winslow Elevator & Machine Co.* v. *Hoffman,* 107 Md., 621, 637, in the following language:

"It is true that in this case the appellant knew at the time he made the contract that the elevator was to be installed in an office building; but it would seem to be clear, both upon reason and authority, that *mere knowledge* of that fact would not be sufficient to render it liable for the special losses claimed in this suit. To fix such a liability upon it upon that ground alone, and in this case there is no other upon which it can rest, would be a startling

and dangerous proposition. Under such a rule the plumber, the gas fitter, the stair builder, or the machinist who defaulted in his contract to do certain work upon any of the great office buildings might be held liable for enormous special damages simply because he knew his contract had reference to such a building."

We do not feel at liberty to apply the rule which allows special damages in certain cases to an ordinary case like this, involving merely a sale of farm lands, and where the defendants were not admonished that the failure to convey would result in special damages. This conclusion is not in conflict with *Cleveland Punch & Shear Works Co.* v. *Consumers Carbon Co.,* 75 Ohio St., 153. That was a case turning on the state of the pleadings, as was the case of *Globe Refining Co.* v. *Landa Cotton Oil Co.,* cited *supra,* and in construing the language used by the court this fact must not be overlooked. Whether the special circumstances were such as would, under the evidence, be reasonably supposed to be within the contemplation of the parties is, of course, a question of fact, and the particular matter under consideration and discussed by Shauck, C. J., was whether the pleadings justified the introduction of evidence along that line. The court held that the motion to strike out averments which would permit the introduction of evidence tending to show special damages was properly overruled "because the averments had legal relation to the measure of recovery." The action related to the sale of machinery to be used in a manufacturing plant in process of erection and the evidence showed that the defendant had informed the plaintiff of the nature and extent

of the plant it was constructing and the expense it was incurring. Certainly those facts tended to make it appear that the special damages were within the contemplation of the parties.

In the case at bar the referee found that neither of the defendants was advised, admonished nor notified of the circumstances claimed to entitle the plaintiff to special damages, nor that they would be called upon, in the event of a breach, to respond for special damages, and we think that finding is justified by the evidence. Indeed, the purpose for which plaintiff intended to use the land was never brought to the attention of the defendants. If the plaintiff intended to sell the two tracts as one, after the purchase, it may well be that the land purchased would bring, if sold in that form, a higher price than if sold as a separate tract, but the record contains no evidence of any intention to resell. The plaintiff evidently bargained for the land with the intention of using it for farming purposes; but it would produce no better crops, would be no more productive, by reason of having frontage on the Oregon Road, and so far as being worth more for farming purposes, and liability for special damages therefor are concerned, the finding of the referee, supported by the evidence, is that neither of the defendants had knowledge of the fact that Caple was already equipped with buildings and agricultural implements suitable for farming the land which he had contracted to purchase of the defendants. For aught they knew the buildings and implements which he owned may have been no more than sufficient to farm the forty-seven acre tract owned

by him, and the two other adjacent tracts, one of which was owned by himself and one by his wife.

We are forced to the conclusion that the referee was right in holding that the plaintiff was not entitled to recover special damages in this case.

Under the stipulation made by the parties the court is of opinion that from the amount allowed as general damages should be deducted the value of the trees reserved by the defendant, to-wit, $50, and that the taxes and assessments payable in June, 1917, to-wit, $59.01, should be considered.

The language of the option with reference to the reservation of an entrance to twenty acres on the west side of the land, to-wit, "reserving entrance to 20 acres on west side of said tract to be not more than 100 feet wide along west side of 104 acres," is very indefinite and uncertain, but it appears to the court that it amounts to the reservation of a right of way over a strip not exceeding one hundred feet wide along the entire west side of the premises contracted to be sold, and that said strip, so subject to the right of way, was intended to be conveyed with the remaining portion of the premises, and should, under the stipulation filed, be taken as of the value of $50 per acre, subject to the right of way so reserved.

While all the remaining objections and exceptions to the report of the referee have had the careful consideration of the court, they are not of such a character as to require separate discussion.

On the whole record the court is of the opinion that the plaintiff is entitled to general damages as found by the referee, subject to the modifications above indicated, and that the referee correctly held

that the plaintiff was not entitled to special damages as claimed by him. An order may be drawn confirming the report of the referee as modified and rendering judgment accordingly.

*Report of referee modified, and confirmed as modified. Judgment accordingly.*

KINKADE and CHITTENDEN, JJ., concur.