Weygandt, C. J.
 

 The sole question presented is-whether the Court of Common Pleas was correct in holding that it was without authority to consider the defendant’s exceptions and motions and therefore was required to approve the report of the referee.
 

 The controversy involves the provisions of Section 11479, General Code, which reads as follows:
 

 “Referees must state the facts found, and conclusions of law, separately. Their decision must be given, and may be excepted to and reviewed, as in a trial by the court. Their report upon the whole issue shall
 
 *447
 
 stand as the decision of the court, and judgment may be entered thereon as if the court had tried the action. ’ ’
 

 The plaintiff relies upon that part of the foregoing language to the effect that their “report upon the whole issue shall stand as the decision of the court,” while the defendant points out that under the latter part of the same sentence “judgment may be entered thereon as if the court had tried the action.” In reply to this contention of the defendant the plaintiff insists that the word “may” must be read as “shall,” thereby making that part of the sentence read that “judgment
 
 shall
 
 be entered thereon.” Is this correct?
 

 Counsel agree that this exact question has not been •decided by this court, but it is assorted by the defendant that this is because the meaning of the above-•quoted section is so clear as to have made interpretation unnecessary during the approximately ninety years it has been in effect. 51 Ohio Laws, 57, Section 283.
 

 However, in several decisions of this court there have been significant statements indicating the view •apparently then prevailing.
 

 In the year 1858 in his opinion in the case of
 
 Lawson
 
 v.
 
 Bissell,
 
 7 Ohio St., 129, Judge Swan observed:
 

 “The decision of the referees, however, may be reviewed by the court.
 

 “These provisions of' the code show very clearly that while the trial before referees is subject to the review and revision of the court ordering the refer■ence, it is a substitute for a trial in court. The finding of the facts is, in effect, the special verdict of a jury. The conclusions of law of the referees stand as the law decision of the court; and if not set aside, a judgment follows of course.”
 

 Then about fifteen years later in the case of
 
 Averill
 
 
 *448
 

 Coal & Oil Co.
 
 v.
 
 Verner,
 
 22 Ohio St., 372, this court affirmed the action of the trial court which had considered and overruled exceptions and a motion for a new trial that had been filed in that court after it had received a referee’s report.
 

 More recently in the
 
 per curiam
 
 opinion in the case-of
 
 State, ex rel. Klorer,
 
 v.
 
 Fimple, Judge,
 
 91 Ohio St., 99, 110 N. E., 253, this court made the following statement with reference to a report by a referee:
 

 “His decision may be excepted to and reviewed as in a trial by the court, and his decision stands as the action of the court, upon which judgment may be entered as if the court had tried the action, as was done' in this instance. The only provision for a bill of exceptions in cases so tried is in Section 11484, General Code, that ‘The referees shall sign any true exceptions taken to an order or decision by them made in the case, and return it with their report to the court/ This provision is obviously necessary to bring before the court questions arising before a referee who reports only his conclusions of fact and law, his conclusions of fact having the effect of a special verdict, for in such case without a bill signed by him neither the propriety of his procedure nor the correctness of his conclusions of fact could be determined by the court. * * * That report was before him [the trial judge] as the sole basis of his action in overruling exceptions and in rendering judgment.”
 

 The rule is summarized as follows in 35 Ohio Jurisprudence, 128:
 

 “A referee is an officer of the court appointing him, and the court has full authority to supervise and control his report by setting it aside or by confirming or modifying it as the facts and the law require. * * # Where a case is referred upon issues of fact and law, the conclusions of law must be sustained on the facts
 
 *449
 
 found by the referees and not on tiloso found by the court from the testimony. While this is true, upon a motion to confirm or set aside the report, it is still the duty of the court to examine the testimony certified and to determine whether it sustains the findings of fact by the referees. * * * While it is the duty of the court to set it aside if the findings are not supported by the evidence or if the conclusions of law are erroneous, the findings should not be set aside if sustained by testimony sufficient to support the verdict of a jury, or if it is claimed that they are contrary to the weight of the evidence, unless they are clearly and manifestly contrary thereto. * * * The court may, however, grant a decree contrary to the decision of the referee where justice requires such action.”
 

 The plaintiff places great emphasis upon the term “decision” in the provision that the “report * * # shall stand as the decision of the court,” and he insists that it is synonymous with the word “judgment.” While it is true that these terms are loosely used as interchangeable, there is nothing in this sentence or the context to indicate such an intention on the part of the General Assembly. On the contrary, the use of the word “judgment” in the latter part of the sentence constitutes persuasive evidence that these terms were employed in their accurate sense when it was provided that “judgment may be entered thereon as if the court had tried the action.”
 

 Furthermore, the importance of the clause, “as if the court had tried the action,” must not be overlooked. Had the court tried this action, it of course would have had the authority to examine its findings and conclusions before determining to enter a judgment. There seems to be no good reason why a court should be divested of this authority simply because it has had the assistance of a referee. On the other hand,
 
 *450
 
 Section 11481, General Code, confers upon the court the additional authority to direct a referee to reduce the testimony of the witnesses to writing. What would be the value of this authority if the court were not permitted to make use of the testimony and could do nothing except automatically confirm the referee’s report?
 

 This court shares the view of the Court of A ppeals that the trial court was in error in considering itself compelled to confirm the referee’s report without considering the merits of the exceptions and motions pending before it. Hence the judgment of the Court of Appeals must be affirmed.
 

 Judgment affirmed.
 

 Turner, Williams, Matthias, Hart and Zimmerman, JJ., concur.
 

 Bell, J., not participating.