**AGLER, Plaintiff-Appellee, v. AGLER, Defendant-Appellant.**

Ohio Appeals, Second District, Franklin County.

No. 3746.   Decided November 1, 1944.

Robert P. Duncan, Columbus, for plaintiff-appellee.
Earl Bougher, Columbus, and Russ Bothwell, Columbus, for defendant-appellant.

MONTGOMERY, J., of the Fifth Appellate District sitting by designation in place of Barnes, P. J.

## OPINION

By HORNBECK, J.

This is an appeal on questions of law from an order of the Common Pleas Court modifying a former order relating to the custody of a child of the parties to this action.

On July 26, 1941, plaintiff was granted a decree of divorce from the defendant. The care, control and custody of the minor child of the parties then one and one-half years old was granted to the defendant subject to the right of reasonable visitation on the part of the plaintiff. On August 26, 1941, the case was certified to the Juvenile Branch of the Court of Domestic Relations for all further proceedings in regard to the care, custody, control and support of the minor child. On October 16, 1941, plaintiff moved to modify the former order by changing the custody of the minor child from the defendant to Leland Agler and Vera Agler, parents of the plaintiff. On December 3, 1941, this motion was overruled but specific provision was made as to the time when the

plaintiff should have the right to have said child with him. On May 8, 1944, plaintiff moved the court to modify the custodial order and to grant to plaintiff custody of said minor child for the following reasons:

1. Defendant has remarried and spends a major portion of the time out of the city of Columbus, and plaintiff fears that defendant will remove said minor child from Franklin County and the custody of this Court.

2. Said minor child is not now being properly cared for in the home provided by defendant and her parents.

The motion also sought to have the order modified as to support money, clothing and doctor bills for said minor child. The motion came on for hearing before the Judge of the Common Pleas Court, other than the Juvenile Judge, who upon hearing the testimony modified the former order as follows:

"It appearing that the defendant is at the present time residing at 1335 Eighteenth Avenue with her parents, Mr. and Mrs. Durrett, it is ordered that so long as the defendant maintains her residence in Columbus the order for custody of the child heretofore made will not be changed other than that instead of the plaintiff having the custody of the child from Saturday morning until Monday evening, the plaintiff's parents Mr. and Mrs. Leland Agler, shall have such custody for such time during the absence of the plaintiff in the armed forces. If at any time the defendant goes to Cincinnati for a visit, if such visit is to continue for more than four days, the child is to be left in the temporary custody of Mr. and Mrs. Leland Agler. If such visit is only for a period less than four days, the defendant may take the said child with her on such visit, but if she does not take her, then she is to leave the child with Mr. and Mrs. Leland Agler during the time of such visits. If, as appears possible, the defendant changes her residence to Cincinnati, the Court will make further order as to the custody, this order to remain in full force and effect until further order of the Court."

The appeal is directed to the order from which we have just quoted.

Four errors are assigned which we set out as we discuss them.

We consider the fourth assignment of error first, which is as follows:

"4. There was error in the Common Pleas Court in considering the motion at all, in view of its order of August 26, 1941, certifying all further proceedings as to custody to the Juvenile Court, as obtained upon plaintiff's application."

Sec. 8034-1 GC is controlling:

"In any case where a Common Pleas Court, or a court having jurisdiction, has made an award of the custody * * * of a minor child * * *, such court may certify the same to the Juvenile Court of any county in this state for further proceedings thereunder according to the law, **and thereupon the jurisdiction of the Common Pleas Court**, or said court **shall cease.**" (Emphasis ours.)

The jurisdiction of the Common Pleas Court can be controlled by the Legislature. The language of the section is plain and clearly provides that upon certification of a proper case to the Juvenile Court the jurisdiction of the certifying court shall cease. There is no attempt in the first instance to remove any jurisdiction incident to a divorce case from the Common Pleas Court but, if that Court elects to relinquish its jurisdiction and certify the case for further orders as to custody or support to the Juvenile Court, that Court alone has jurisdiction. We have fully considered and discussed §8034-1 GC in **Elford v Elford, 36 Abs 397; Metz v Metz, 17 Abs 531;** and **Sonnenberg v State, 40 Oh App., 475;** see **State, ex rel, v. Kinkead, 113 Oh St 488.**

It is urged by appellee that no objection was interposed to the Court exercising jurisdiction. This does not prevent the appellant from challenging the jurisdiction at any time because, although the trial court was of general jurisdiction, it was precluded from assuming jurisdiction because of the provisions of §8034-1 GC.

If we are in error in holding that the Court had no jurisdiction we consider the other assignments.

1. Error in the court terminating the proceedings and rendering its opinion, before defendant rested, and in refusing to hear defendant's witnesses.

The record does not support this assignment. The Court did not deny the defendant the right to introduce further testimony although he indicated that it would not be necessary because it related to the condition of the home of defendant's parents where she resided. Upon this question the Court said that he did not find it to be an unfit home for the child.

2. Error in giving partial custody of the child to the parents of plaintiff.

3. Error in depriving the mother custody of her child and in limiting her visits to Cincinnati and in compelling her to bring her child to Columbus for partial custody in the plaintiff's parents.

The first part of the order merely transfers to the parents of the father the right to the visitation of the child with them for the period during which such right was formerly awarded to the father. This was but a temporary order which we would not feel called upon to disturb.

The second phase of the order relating to the custody of the child in the event that the mother should visit Cincinnati is not supported by the record for the reason that the second branch of the motion is not supported by the evidence and the Court expressly found that it was not established.

The practical effect of this order is to take from the mother the entire custody of the child in the event that she goes to Cincinnati for a period of more than four days or if she goes to Cincinnati for any period of time without taking the child with her.

This order may not be made because it is not supported by any ground of the motion; there is no showing of changed condition since the former order of the Court; there is no showing of unfitness of the mother to have the temporary or permanent custody of her child, no showing that the home of her parents is an unsuitable place in which to rear the child.

14 O. Jur., 519;
Olney v. Watts, 43 Oh St 499;
Saeger v. Saeger, 5 Oh App., 487;
Monahan v. Monahan, 14 Oh App., 116;
Elford v. Elford, 36 Abs 397;
Gravies v. Gravies, 7 O. C. C. (N. S.) 135.

It is evident from the grounds of the motion and the evidence adduced in support thereof that it was the claim of the plaintiff that the home in which the defendant kept the child was not a suitable place for her and that she did not receive proper care and attention. If the Court had jurisdiction and this claim was substantiated, there would be support for the orders made. The Court found that it was not substantiated but made the order notwithstanding, no doubt upon the theory that as made it was for the best interest of the child. This may be true but there is insufficient basis in law to support the action taken.

The judgment will be reversed and the order of May 19, 1944, will be vacated. Judgment accordingly.

GEIGER, J., concurs;
MONTGOMERY, J., concurs.