**LINDSAY, Plaintiff-Appellant, v. LINDSAY, Defendant-Appellee.**

Ohio Appeals, Tenth District, Franklin County.

No. 5609. Decided April 23, 1957.

Isadore L. Margulis, Columbus, for plaintiff-appellant.

Evan P. Ford, Canal Winchester, for defendant-appellee.

(MILLER and HORNBECK, JJ, of the Second District, sitting by designation in the Tenth District.)

## OPINION

By MILLER, J.

This is a law appeal from a judgment of the Common Pleas Court, Division of Domestic Relations, awarding the custody and control of the minor child of the parties hereto to the defendant, the father of said child.

The record reveals that on February 5, 1953, the plaintiff-appellant, Wilma Fae Lindsay, was granted a divorce decree from the defendant-appellee, Roscoe G. Lindsay, and she was also awarded the custody and control of their minor child, Brenda Lindsay. The defendant was also ordered to pay support money for said child, and being in default, was cited on several occasions for contempt for failure to comply.

On August 22, 1956, the defendant filed a motion seeking a change of custody of said child. This motion was sustained and the court journalized the following entry:

"On motion of defendant for change of custody of minor child of parties hereto, this cause came on to be heard on open court by the Referral Officer on said motion and the testimony of the parties hereto and witnesses called by said parties, and the Court being fully advised in the matter finds the motion of the defendant well taken and it is therefore ordered and adjudged that the defendant is hereby and herewith awarded the custody and control of the minor child of the parties hereto, Breda Lindsay, age four years, until further order of the Court.

"It is further ordered and decreed that said child's mother, plaintiff herein, shall have reasonable rights of visitation with said child. This order is effective as of October 24, 1956, to all of which plaintiff, by and through her counsel excepts."

The bill of exceptions reveals that the motion came on for hearing before the Referral Officer of the Court of Domestic Relations and that at the outset counsel for the plaintiff objected to the referee hearing the case, urging that this would be in violation of rights guaranteed to the plaintiff under the Federal and State Constitutions. This objection was overruled by the referee and the hearing proceeded, each of the parties submitting evidence on the merits of the motion.

The errors assigned may be epitomized as

(1) The reference was in direct conflict with the plaintiff's consti-

tutional rights, the same being in violation of **Article I, Section 16, Ohio Constitution.**

(2) That the judgment is contrary to law.

The constitutional provision referred to is that guaranteeing to all persons the right to due process of law in all matters of litigation. It is urged that in submitting this matter to the referee the court denied the plaintiff the right of a hearing under the due process clause. The right to a trial by jury appears to be the only preclusion of a compulsory reference of a matter pending in the courts. The question is not a jurisdictional matter but one of procedure. **Dillon v. City of Cleveland, 117 Oh St 258, 266; Toulmin v. Baker, 94 Oh Ap 524.** Sec. 2315.26 R. C., provides that any of the issues in an action or proceeding may be referred to a referee upon the consent of the parties, but when consent is not given, the court on its own motion may refer certain cases to a referee. Sec. 2315.27 R. C., provides:

"When the parties do not consent to the reference mentioned in §2315.26 R. C.. the court, or a judge thereof in vacation, upon the application of a party, or on its own motion, may direct a reference in any case in which the parties are not entitled by the constitution to a trial by jury."

It will be noted that this section authorizes that a referee may be appointed "in any case in which the parties are not entitled by the Constitution to a trial by jury." Since this is a motion for a change of custody it may not be urged that the plaintiff was entitled to a trial by jury. Hence the referral to a referee was in accordance with law. See **35 O. Jur. 104, Sections 7 and 8; 45 Am. Jur. 543.**

In considering whether or not the judgment was in accordance with law an examination of the record reveals that the referee made no written report of his findings of fact or conclusions of law. These appear to be required of a referee, for §2315.31 R. C., provides:

"Referees must state the facts found, and conclusions of law, separately. Their decision must be given, and may be excepted to and reviewed, as in a trial by the court. Their report upon the whole issue shall stand as the decision of the court, and judgment may be entered thereon as if the court had tried the action."

Since no decision was given by the referee the plaintiff was denied the right to except to the same and have it reviewed as in a trial by the court. It should also be noted that the statute provides that the decision of the referee shall stand as the decision of the court and judgment may be entered thereon the same as if the matter had been tried by the court. However, the court had no finding on which to base its judgment; hence it is not in accordance with law.

The identical question presented by this assignment of error was considered by the court in the case of **DeVille v. DeVille, 87 Oh Ap 220.** Paragraph 2 of the syllabus provides:

"2. Parties to a 'special proceeding' involving the custody of a child are entitled to have a Juvenile Court referee certify his findings and recommendation to the court in writing, to have notice of the filing thereof and to the right to file exceptions thereto and a hearing thereon prior to the entry by the court of any order upon such findings and recommendation."

The only difference between the cited case and the case at bar is that in the former the referee was appointed by a judge of the Juvenile Court while in our case the appointment was made by a judge of the Court of Common Pleas.

It is our conclusion that the court committed prejudicial error in entering the judgment, which will accordingly be reversed and cause remanded for further proceedings according to law.

PETREE, PJ, HORNBECK, J, concur.