Colclaser, Appellant, *v.* Colclaser, Appellee.

(No. 9569—Decided February 15, 1965.)

*Mr. Edward C. Benson,* for appellant.
*Mr. Bernard J. Gilday, Jr.,* for appellee.

HOVER, P. J. This is an appeal on questions of law from an order of the Division of Domestic Relations of the Court of Common Pleas, transferring custody of the minor child of the litigants from the appellant-mother to the appellee-father. The parties were divorced by decree of the above court in 1956 and custody of the child, then two years of age, was awarded to the mother after the court had made the required statutory investigation of the parents.

In June of 1963, the father filed his motion to remove the child from the custody of the mother and award custody to him on the ground that she had become an unfit mother and that the change would be for the best interests of the child. A month later, this application was referred to one of the court's referee-examiners for the purpose of holding a hearing thereon and to make a report and recommendation to the judge. Eleven months thereafter, the court entered an order granting the father's motion. In its order the court stated that it "makes no finding on the issue of the plaintiff's fitness as a mother but does find that it is for the best interests of said minor child that she be and remain in the custody of defendant," that is the father, the appellee herein. It is from this order the present appeal is taken.

The court's attention is directed to various irregularities and deficiencies in the proceedings as errors of law, prejudicial to the rights of the mother. The mother filed with this court a "bill of exceptions" consisting of testimony of witnesses heard by the referee-examiner in October of 1963. Beginning on page 83 of that record and continuing for ten pages thereafter is a discussion between both counsel and the referee relative to the use by the referee of information received by the court and apparently concerning one or the other of the parties. In spite of the lengthy discussion it is not clear whether the material referred to is from the investigation originally made by the court

in connection with the divorce proceedings in October of 1955, or whether it is a supplementary investigation to the same or subsequent received pursuant to the motion for a change of custody, or whether it is miscellaneous matter called to the court's attention by unknown and unnamed parties. In any event, the record fails to show whether or not a supplementary or additional investigation was in fact made and, of course, not showing whether one was in fact made, also fails to show whether the results of any such supplementary investigation were made available to counsel prior to the hearing.

These investigations are required by Section 3105.08, Revised Code, where children under fourteen years of age are involved. They are mandatory and must be made available to either party or his counsel upon written request not less than five days before trial. Since the record here does not show whether any additional inquiry was made upon the change of custody application, it is obviously impossible for counsel to know whether an examination thereof should be requested. As to the mandatory nature of the original investigation, see *Smith* v. *Smith*, 93 Ohio App. 294; *Welge* v. *Welge*, 87 Ohio App. 93; and, as to a similar rule on a change of custody, see *Voorhees* v. *Hutchison*, 63 Ohio Law Abs. 277; also, *Cobb* v. *Cobb*, 112 Ohio App. 19.

As stated above, the record is unclear as to whether any further investigation was in fact made. The referee states at one point: "I have read the report. I can't exclude myself from that, you understand." He further states: "Very often we have cases here when we do not have witnesses, for some reason they can't bring them in or they don't bring them in. And I would say then it [presumably the report or some species of supplemental information] is very valuable. It is very difficult to say how you will be affected by something you read, but I can assure you I will do everything within my power to say that I haven't read it, but in all fairness to you I have to say that I read it. But I do not consider it a legal document."

As to the manner in which the use of such supplemental material is error in a re-examination of child custody, see *Voorhees* v. *Hutchison, supra.* The rule would seem to be most logical and salutary since, among other reasons, if the in-

vestigative material is not to be used in the only manner permitted by law in assisting the court in reaching a decision, there is no legal justification or authority for any investigation in the first place.

The mother claims also that the referee failed to make any report of his findings and conclusions subsequent to the hearing. The referral process is permitted by Section 2315.27, Revised Code. This section was invoked by the court relative to the motion in question. Section 2315.31, Revised Code, requires:

"Referees must state the facts found, and conclusions of law, separately. Their decision must be given, and may be excepted to and reviewed, as in a trial by the court. Their report upon the whole issue shall stand as the decision of the court, and judgment may be entered thereon as if the court had tried the action."

The referee's failure to make a report and the court's failure to insist upon one, violates not only the specific order of reference of the court but the statute as well. If the reference to the referee is merely to report facts permitted by Section 2315.32, Revised Code, the report must still be made. See *Lindsay* v. *Lindsay*, 106 Ohio App. 146; also, *McGhee* v. *McGhee*, 105 Ohio App. 433, and *Hebden* v. *Hebden*, 105 Ohio App. 461.

One of the purposes of the statutory requirement is to permit objections to the report to be filed. See *Mennel Milling Co.* v. *Slosser*, 140 Ohio St. 445; *Caple* v. *Crane*, 13 Ohio App. 317, and *Whitaker-Glessner Co.* v. *Strick*, 25 Ohio App. 415.

The mother has filed in support of her alleged errors in the court below, a "bill of exceptions." This obviously refers to the proceedings before the referee on October 30, 1963. It carries a "Certificate of Stenotype Reporter" to this effect. It then carries the usual certificate of the trial judge to the effect that "the foregoing was all of the evidence presented by any of the parties at the within hearing"—the court thereupon allowing the bill of exceptions as filed on "this — day of August, 1964."

The record of the hearing, the docket items and the entries filed in the case, all indicate that the hearing was not conducted by the judge himself. Accordingly, the judge is not in a position to certify that the so-called bill of exceptions contained all

the evidence presented by any of the parties at a hearing conducted by his referee some ten months previously. The law seems to be clear that a bill of exceptions, if any, from the hearing held by the referee is to be signed and allowed by the official who conducted the hearing, *i. e.*, the referee. See *John D. Guthrie & Sons* v. *Angosta Milling Co.*, 17 C. C. 256, 9 C. D. 739; *State, ex rel. Klorer,* v. *Fimple, Judge,* 91 Ohio St. 99; *Whitaker-Glessner Co.* v. *Strick, supra*; *Mennel Milling Co.* v. *Slosser, supra*; and *Bennett* v. *Dayton Memorial Park & Cemetery Assn.*, 88 Ohio App. 98.

Under the confusing and incomplete state of the record presented to this court, it is difficult, if not impossible, to make an adequate review of the decision below on the motion for a change in custody, or any matter relating to errors, real or alleged, in the proceedings. This is for the reason that the bill of exceptions presented cannot, under the circumstances, be considered as such, and for the further reason that the above deficiencies in the record relative to the existence or nonexistence of a supplementary investigation and the existence or nonexistence of a written report by the referee all preclude a determination of the case on matters which might be mere omissions in the transcript presented here, or were in fact an actual failure to do the various things in connection with the proceedings which are required by the statutes and adjudicated cases.

However, further reference is had to the order actually made by the court in directing the change of custody. This order recites, among other things, that "upon the evidence adduced and the recommendation of counsel, this court makes no finding on the issue of plaintiff's fitness as a mother, but does find that it is for the best interests of said minor child that she be and remain in the custody of the defendant; that is, the husband, and that said motion therefore is well taken and should be granted."

The sufficiency of this finding presents a question of law without regard to a consideration of whether there was in fact any "evidence adduced," available or presented to the court. The entry itself presents something of a contradiction. It fails to find that the mother who had previously, that is, eight years previously, been adjudicated a fit custodian of the minor child,

is, as of the date of the entry, in any altered position as to fitness as a custodian from what she was at the time of the original judgment. The court merely feels that the change is for the best interests of the child. This is not enough. The 1956 award to the mother determined that as of that time she was a fit custodian. This is a judgment of a court of competent jurisdiction and is not to be set aside except for compelling reasons. The cases are clear that a change of custody will be ordered only where the custodian has become an unfit custodian or where changed conditions, whatever they may be, require that a change be made. It is the obvious intent of the law that a child be not passed back and forth between parents depending upon the transitory advantage of either to best provide for the child. The cases are in agreement on this point. A sufficient number of these cases is cited in the appellant's brief to illustrate the rule. See paragraph two of the syllabus in *Dailey* v. *Dailey,* 146 Ohio St. 93, and, more particularly, *Agler* v. *Agler,* 44 Ohio Law Abs. 289.

In failing to find that the mother had become an unfit custodian and that new or altered conditions obviously require the change in custody, the court is without authority to modify the previous adjudication. The order attempting to do so in this case is contrary to law and constitutes prejudicial error as a matter of law.

The order, accordingly, is reversed and set aside and the matter remanded to the court below for further proceedings according to law.

*Judgment reversed and cause remanded.*

HILDEBRANT and LONG, JJ., concur.