In re Gutman et al.

[Cite as In re Gutman (1969), 22 Ohio App. 2d 125.]

(No. 10985—Decided December 29, 1969.)

*Mr. Howard Fields,* for appellant, Joan Gutman.
*Mr. Edward C. Benson,* for appellee, Dixie Walker.

*Per Curiam.* This is an appeal on questions of law from an order of the Court of Common Pleas of Hamilton County, Juvenile Division, granting custody of two minor children.

Essentially, the facts are not in dispute. The children,

one a boy and the other a girl, were born to Joan Gutman and were fathered by Dixie Walker. Joan Gutman, at the time of conception and the birth of both children, was married to Charles Gutman from whom she had separated. Joan Gutman and Dixie Walker were living together when the births occurred and, in 1962, Walker acknowledged paternity in writing. Dixie Walker is now married to one Mollie Walker.

The boy is physically healthy but is characterized as being "disturbed" and presenting behavior problems in school. The girl is retarded mentally and handicapped physically, being unable to talk or walk, being bedridden and requiring constant care.

It appears that both children have been passed back and forth between mother and father in recent years and, in November 1968, Joan Gutman gave Walker written permission for the boy "to stay with his father Dixie Walker for the rest of the school year." When Walker went to Canton, Ohio, to pick up the boy, he also picked up the girl, and both were taken to Walker's home in Cincinnati.

On November 7, 1968, Walker filed a petition alleging that the "children are dependent and neglected in that their mother and legal father refuse to provide said children with the proper and necessary subsistence, medical or surgical care, or other care necessary for their health, morals or well-being, and that their condition and environment is such as to warrant the state in the interests of said children in assuming their guardianship."

The prayer of the petition is that custody of the children be granted to Walker.

In this succinct recitation of fact, suffice it to say that the matter was referred to a court referee, reports of investigative agencies were received, tests administered and the results thereof submitted and testimony heard, with all parties present being represented by counsel. Eventually, in May 1969, the matter came on for hearing before a judge of the court, but objection was made on behalf of Joan Gutman based on a deficiency in the record, which was devoid of findings and recommendations of the referee. The case

was continued and the omission corrected, the finding by the referee being that the children were dependent "as alleged in the petition and the recommendation being that custody of them be granted to Dixie Walker." In June 1969, the court heard testimony to expand the evidence presented before the referee.

On July 23, 1969, the court ruled, upon the evidence adduced, that:

"* * * the said James H. Gutman and Pamela Jean Gutman are *not dependent or neglected* children since Dixie Walker the admitted natural father of said children has been providing a suitable and proper home for said children *since they were placed in his custody* by Joan Gutman, the mother of said children." (Emphasis added.)

Thereupon, the court granted custody of the children to Dixie Walker, and it is from such order that this appeal is taken.

Joan Gutman moved for an order to have reduced to writing "the testimony and motions of counsel" at state or county expense, on the grounds that she was indigent, which motion was overruled, following which a narrative bill of exceptions was prepared and filed.

The appellant, Joan Gutman, assigns three errors: (1) The court erred in overruling a motion for a trial *de novo*; (2) the court erred in overruling Joan Gutman's motion for a printed transcript of the proceedings at the state's expense; and (3) the judgment of the trial court is not sustained by the evidence, is manifestly against the weight of the evidence, and is contrary to law.

We find no error prejudicial to the appellant in the overruling of the motion "for a trial de novo" after it was apparent that the referee had failed to file findings and recommendations. It is clear that the hearing by the court was postponed and the deficiency rectified, additional testimony taken, and a decision rendered thereafter. This course of action constituted a substantial compliance with Section 2151.16, Revised Code, which provides, in part:

"The juvenile judge may appoint and fix the compensation of referees who shall have the usual power of mas-

ters in chancery cases, provided, in all such cases submitted to them by the Juvenile Court, they shall hear the testimony of witnesses and certify to the judge their findings upon the case submitted to them, together with their recommendation as to the judgment or order to be made in the case in question. The court, after notice to the parties in the case of the presentation of such findings and recommendation, may make the order recommended by the referee, or any other order in the judgment of the court required by the findings of the referee, or may hear additional testimony, or may set aside said findings and hear the case anew. * * *''

We find no merit in the second assignment of error. Essentially, appellant contends that she was denied equal protection of the law by being denied a transcript of testimony. It is beyond cavil that the proceedings were civil in nature. We fail to find, nor has counsel cited, authority, statutory or otherwise, requiring the Juvenile Court to provide a bill of exceptions. Additionally, no demand for the recording of testimony by a court reporter was made, and the narrative bill signed, allowed and filed is sufficient for all purposes of this appeal.

However, the third assignment of error raises the real issue in the case: Can a Juvenile Court deprive the mother of an adulterine bastard custody of such child absent a finding that it should not be in its mother's custody?

The petition herein alleges that the children were dependent and neglected and that, therefore, the state should assume their guardianship. However, the court found, specifically, that the children were not dependent or neglected. Perforce, it is negated that the children come within any of the definitions or provisions of Sections 2151.03, 2151.04 or 2151.05, Revised Code.

It is apparent that the Juvenile Court viewed the right of Joan Gutman and Dixie Walker to custody of the children as being equal. We do not, choosing instead to adopt the principle set forth in the case of *In re Gary,* 112 Ohio App. 331, paragraph one of the syllabus:

''The mother of a bastard child is its natural guard-

ian, has the legal right to its custody, and is legally responsible for its care and support."

The rationale which we find persuasive is set forth in paragraph two of the syllabus of *In re Gary, supra*:

"There is a presumption that the best interests of a bastard child require it to be in its mother's custody, and the burden is upon the person disputing such mother's right to custody to prove that such child should not be in its mother's custody."

See, also, 7 Ohio Jurisprudence 2d 574, Bastardy, Section 43 *et seq.*

We conclude that without evidence to warrant a finding that the mother of an adulterine bastard is unfit, that such child is dependent or neglected within the purview of law, or that the best interests of the child require that it be taken from her, a Juvenile Court cannot deprive her of custody of such child.

It seems to us to be only simple justice for a court to be required to inform a mother why it takes from her the flesh of her flesh. There was no such reason given or supportive evidence presented in the case at bar. Ordinarily, then, we would reverse the judgment below and summarily restore custody of the children to appellant.

However, we have noted the problems and handicaps afflicting the children here. This court is not equipped to investigate such and evaluate their present status. The overriding duty here and below is to act to preserve their well-being. Accordingly, we reverse the judgment and order, but remand this cause to the Juvenile Court for further proceedings according to law and in harmony with this opinion.

*Judgment accordingly.*

SHANNON, P. J., HILDEBRANT and HESS, JJ., concur.