CURRENS, APPELLEE, v. CURRENS, APPELLANT.

(No. 11337—Decided December 14, 1970.)

*Mr. Stephen Cohen,* for appellee.
*Mr. Calvin W. Prem,* for appellant.

HESS, J. This is an appeal from a judgment of the Court of Common Pleas, division of domestic relations, Hamilton County, Ohio, granting a change in the custody of children of the parties herein from their mother to their father pursuant to a divorce decree.

It appears from the record that plaintiff, Thomas J. Currens, appellee herein, and defendant, Joan E. Currens, appellant herein, were married in January, 1957, and are the parents of five children whose present ages are twelve, ten, nine, eight and seven years. A decree for divorce, entered on February 28, 1969, was granted to defendant, the mother of said children, on her cross-petition and the care, custody, education and control of the children was awarded to the defendant. The privilege of reasonable visitation was awarded to the plaintiff. The decree of divorce provided that the appellee pay $75 per week, plus poundage of 1% for the support of the children and $200 for expenses.

On August 14, 1969, plaintiff filed a motion to modify the decree of divorce. The motion contained the following with reference to the divorce decree: "[movant] further states that since the time of the decree of divorce was entered herein the living conditions of said minor children have materially changed, and that it would be to the best interest of said minor children that their care, custody and control be awarded to the plaintiff."

Following the filing of the motion to modify, defendant deposited security for costs and filed a motion for allowance of expenses incident to the motion to modify. On May 22, 1970, the trial court referred the motion to modify to a referee and directed him "to hear said motion and make a report and a recommendation to the judge of the Court of Common Pleas, division of domestic relations."

Pursuant to the above direction, the referee conducted a hearing, and on June 5, 1970, presented to the court findings of fact and conclusions of law in which he stated the following: "After taking into consideration the testimony of the witnesses and court investigator, it is the conclusion of this court that it would be in the best interest of the

children that custody be changed from the defendant to the plaintiff."

On June 8, 1970, appellant filed the following exceptions to the findings of fact and conclusions of law presented by the referee: (1) The decision is not sustained by the evidence and is against the weight of the evidence, (2) the referee-examiner erred in the application of the law to the facts, and (3) other reasons.

Other items appearing on the transcript are as follows: June 16, 1970, notice of appeal on questions of law and fact, filed No. 11334; June 16, 1970; praecipe for transcript, filed; June 17, 1970, entry granting plaintiff's motion to modify decree of divorce, nunc pro tunc as of 6/16/70; this matter came on to be heard on the motion of the plaintiff for a modification of the decree of divorce entered herein as to custody and support of the minor children of the parties, the evidence and witnesses, both parties and their respective counsel being present in court before referee Ralph F. Crisci; the referee having filed his findings of fact and conclusions of law upon the evidence, plaintiff's motion is found to be well taken and is hereby granted, and it is ordered that the decree of divorce in the within matter be and hereby is modified in that plaintiff is awarded the care, custody, education and control of the minor children of the parties, and the order that plaintiff pay to the defendant the sum of $75 per week as support for said minor children is discontinued and terminated, to which defendant excepts; June 17, 1970, entry overruling motion for expenses, nunc pro tunc as of 6/16/70; June 17, 1970, entry withdrawing notice of appeal; June 17, 1970, notice of appeal on question of law and fact, filed No. 11337; June 17, 1970, praecipe for transcript filed; July Term; July 16, 1970, entry extending time for filing bill of exceptions. It is the contention of the defendant that this appeal presents the following questions of law:

1. Whether children of adverse parties in a post-decree custody action are necessary parties to a complete determination of the issue.

2. Whether a post-decree change of custody can be

made in the absence of a finding that the natural mother, having been previously awarded the custody of her children, is no longer fit to continue as custodian or that there has been a material change in conditions.

3. Whether, where exceptions are filed, the trial court should conduct a hearing and review of the referee-examiner's findings and conclusions before journalizing its order changing custody.

4. Whether due process and the constitutional guaranties under the Fifth and Fourteenth Amendments to the United States Constitution are applicable to the custodian of minor children in a post-decree change in custody.

5. Whether the trial court is restricted in awarding post-decree "expenses" only in matters pertaining to support.

We will consider the issues presented by the appellant as assignments of error and first direct our attention to the third assignment.

The transcript of the proceedings in this case have been set out in detail. A review of that transcript discloses the filing of exceptions by the appellant to the findings of fact and conclusions of law presented to the trial court by the referee. There is no record to indicate that the trial court or the referee afforded a hearing to ascertain the validity of the objections. Therefore, the issue is presented as to the responsibility of the trial court or referee to hear objections to findings of fact and conclusions of law presented by the referee before the court approves and journalizes the action of the referee as his own conclusion.

R. C. 2315.31 provides:

"Referees must state the facts found, and conclusions of law, separately. Their decision must be given, and may be excepted to and reviewed, as in a trial by the court. Their report upon the whole issue shall stand as the decision of the court, and judgment may be entered thereon as if the court had tried the action."

In the instant case, there is no record to indicate that the referee afforded a hearing on the exceptions to his

findings of fact or conclusions of law. It was the duty of the referee to do so.

There is reference in defendant's brief to a meeting scheduled for June 26, 1970, ostensibly to hear exceptions to the referee's findings of fact and conclusions of law, but there is no record that such a hearing was conducted. There is no entry by the trial court or the referee of any action taken on the exceptions to the findings and conclusions of the referee.

In *Lindsay* v. *Lindsay,* 106 Ohio App. 146, at 148, the Court of Appeals for Franklin County approved the proposition that "parties to a 'special proceeding' involving the custody of a child are entitled to have a juvenile court referee certify his findings and recommendation to the court is writing, to have notice of the filing thereof and *to the right to file exceptions thereto and a hearing thereon prior to the entry by the court of any order upon such findings and recommendation.*" (Emphasis added.)

The only difference between the *Lindsay* case and the case at bar, in reference to the right to have exceptions to the findings and conclusions of the referee heard, is that in *Lindsay* the referee was appointed by a juvenile court, while in the instant case the appointment was made by a judge of the Court of Common Pleas, division of domestic relations.

It is our conclusion that the failure of the court or its referee to afford a hearing on the exceptions to the findings and conclusions of the referee was error prejudicial to the appellant.

The second assignment of error poses the question whether a post-decree change of custody can be made in the absence of a finding that the natural mother, having been previousy awarded the custody of her children, is no longer fit to continue as custodian or that there has been a material change in conditions.

The conclusion of law presented by the referee in the instant case is "that it would be in the best interest of the children" that custody be changed from the defendant to the plaintiff. There is no conclusion by the referee that

during the period of time between February 28, 1969, when custody of the children was awarded to the defendant, and June 17, 1970, when she was relieved of her custodianship, that she had become an unfit custodian. In the case of *Colclaser* v. *Colclaser*, 2 Ohio App. 2d 142, this court said with regard to a similar situation: "in failing to find that the mother had become an unfit custodian and that new or altered conditions obviously require the change in custody, the court is without authority to modify the previous adjudication." In the instant case, the reason given in the conclusions of law for the change in custody is that it would be to the best interest of the children. This conclusion is not sufficient. The failure of the referee to conclude the mother had become unfit to retain custody of her children constitutes prejudicial error.

Further, this court said in the case of *In re Gutman*, 22 Ohio App. 2d 125, at 129, that it is "* * * only simple justice for a court to be required to inform a mother why it takes from her the flesh of her flesh." Applying this reasoning to the instant case, the appellant is entitled to a determination by the referee or court why she is no longer a fit person to retain the custody of her children.

For the reasons given, we reverse the judgment of the trial court and remand this cause to the Court of Common Pleas, division of domestic relations, for further proceedings according to law.

*Judgment reversed.*

SHANNON, P. J., and HILDEBRANT, J., concur.