BERRY, APPELLEE, v. BERRY, APPELLANT.

[Cite as Berry v. Berry (1977), 50 Ohio App. 2d 137.]

(No. 35150—Decided January 13, 1977.)

Mr. Paul Mancino, Jr., for appellant.
No appearance by appellee.

KRENZLER, J. On April 14, 1972, the plaintiff-appellee, hereinafter referred to as the appellee, obtained a divorce from the defendant-appellant, hereinafter referred to as the appellant, in the Court of Common Pleas, Cuyahoga County, Domestic Relations Division, on the grounds of gross neglect of duty. In the divorce decree, the court granted custody of the couple's child to the appellee and ordered the appellant to pay $15.00 per week for child support and $30.00 per week for alimony. Subsequent to the divorce decree, the parties filed various motions with the court which are not relevant to this appeal and will not be discussed.

On September 24, 1974, the appellee filed a motion in the form of an affidavit with the trial court in which she alleged that the appellant had not been making the child support or alimony payments pursuant to the court's decree. The appellee requested that the court issue a citation to the appellant for failure to comply with the court order. We have carefully reviewed the original trial court file and the docket of the journal entries and find that the next relevant document in the record is entitled, "Objections and Exceptions to the Report of the Referee" filed by the appellant on June 16, 1975. The appellant alleged that the report of the referee, dated June 3, 1975, was not in fact a true report since it did not comply with the Rules of Civil Procedure and that the report imposed an insufferable burden upon him.

On July 14, 1975, the following entry was filed by the trial court:

"The objections and exceptions to the report of the referee filed by the defendant on June 16, 1975, are hereby dismissed sua sponte pursuant to Civil Rule 7(B)(2). The conditional release of the defendant issued by the court subsequent to the hearing of June 3, 1975, is not subject to objections pursuant to Civil Rule 53."

It is noted that neither the trial court file nor the docket of journal entries reflect that a hearing was held on June 3, 1975, or that a referee's report was filed and journalized.

The appellant appeals from the trial court's July 14, 1975 order and has four assignments of error:

1. The court committed prejudicial error in dismissing the objections and exceptions to the report of the referee on its own motion.

2. The court committed prejudicial error in submitting the objections and exceptions to the original referee for his decision as to whether the objections and exceptions were proper.

3. The referee committed prejudicial error in submitting no actual report of its findings from the hearing of June 3, 1975.

4. Other errors apparent upon the face of the record.

Because of the state of the record with its meager and unclear journal entries, we will consider the four assignments of error together because they all relate to the validity of the trial court's July 14, 1975 order.

When a party files a motion to show cause for failure to pay child support or alimony in the Domestic Relations Division of the Common Pleas Court of Cuyahoga County, it is usually referred to a referee for a hearing, report and recommendation.

Rule 53 of the Ohio Rules of Civil Procedure provides that a court may appoint one or more referees to hear an issue or issues in any case in which the parties are not entitled to a trial by jury or in any case in which the parties consent in writing or in the record in open court to submit an issue or issues to a court-appointed referee. Civ. R. 53(A).

There must be an order of reference and such order may specify or limit a referee's powers and may direct him to report only upon particular issues or do or perform particular acts. Subject to the specifications and limitations stated in the order, the referee has the power to regulate all proceedings or hearings before him as if by the court and to do all acts and take all measures necessary or proper for the efficient performance of his duties under the order. Civ. R. 53(C).

When a party so requests and guarantees the costs

and the court so orders, the referee shall make a record of the evidence offered and excluded in the same manner and as subject to the same limitations upon a court sitting without a jury. Civ. R. 53(C).

The referee shall prepare a report upon the matter submitted to him by the order of reference and shall file the report with the clerk of the court and shall mail a copy to the parties. Civ. R. 53(E)(1). A party may within fourteen days of the filing of the report serve and file written objections to the referee's report and such objections shall be considered a motion. Upon consideration of the objections, the court may adopt, reject or modify the report; hear additional evidence; return the report to the referee with instructions; or hear the matter itself. Civ. R. 53(E)(2).

The report of the referee is effective and binding only when approved and entered as a matter of record by the court. Civ. R. 53(E)(5).

In addition, the Court of Common Pleas of Cuyahoga County, pursuant to Section 5(B) Article IV of the Ohio Constitution and Civ. R. 83 adopted Local Rule 23 entitled, "Divorce, Alimony and Annulment." Section A of this rule provides that oral hearings on motions to modify previously journalized temporary alimony or child custody and support orders are to be heard before a referee. Section B sets forth specific motions which shall be heard by a judge unless otherwise ordered by the court. All other motions not listed are automatically referred to a referee for report and recommendation. Local R. 23(B)(4).

The motion filed by the appellee in the present case, being a motion to cite the appellant for failure to comply with the trial court's order, is not among those listed in Local R. 23(B)(4) to be heard by a judge unless otherwise ordered by the court and, therefore, is a motion that is subject to automatic reference to a referee for a hearing pursuant to Civ. R. 53 and Local R. 23(B)(4).

Civil Rule 53 requires the referee to prepare a report of his findings and to file it with the clerk of courts for journalization. Then the parties, within fourteen days

of the filing of the report, may serve and file written objections to the referee's report. The report becomes effective and binding only when approved and journalized as a matter of record by the court.

If the report is not filed and journalized, neither party may make objections to the report because the report has not been made a matter of record by the court. Consequently, if the report has not been filed and journalized as a matter of record, any objections to the report are premature and any attempt by the court to act upon the merits of the objections or to act upon the referee's report is also untimely and invalid.

The record in the present case merely reflects the following: (1) a motion to cite the appellant for failure to comply with the trial court's order filed on September 24, 1974; (2) objections to a purported referee's report filed on June 16, 1975, and (3) the trial court's entry of July 14, 1975, acting upon the merits of the referee's report and dismissing the objections to the report.

Inasmuch as the record does not reflect that a referee's report was filed with the clerk of courts or approved and entered as a matter of record by the court, it is our conclusion that the objections to the purported report were prematurely filed and, therefore, the trial court's order of July 14, 1975, is invalid as a matter of law. Until the referee's report is properly journalized and the parties are given an opportunity to file objections to the report, the court has no authority to act on this report. Since the report has not been properly filed and approved, its provisions and the court's order of July 14, 1975, are not binding on the appellant.

The judgment is reversed and the case is remanded for further proceedings consistent with this opinion.

*Judgment reversed.*

JACKSON and CORRIGAN, JJ., concur.