EISENBERG, APPELLEE, *v.* PEYTON, APPELLANT.

(No. 37058—Decided February 28, 1978.)

*Mr. Robert I. Bendis,* for appellee.

*Mr. Paul Mancino, Jr.,* for appellant.

CORRIGAN, C. J. This is an appeal from a judgment of the Cleveland Municipal Court in favor of the plaintiff appellee in an action for forcible entry and detainer. The appellant's sole assignment of error concerns the referee's actions and the failure to comply with the provisions of Ohio Rules of Civil Procedure, Civil Rule 53. The parties waived oral argument in accordance with Appellate Rule 21(F) and the case was submitted to a panel of three judges of this Court for determination. Due to the need for clarification of the position of this Court on this entire issue as well as the importance of its resolution to the public generally, this panel, after reaching this decision, requested that the full court be convened to discuss

the policy. By virtue of Section 8(b) of the standing resolution for conducting the work of the Court of Appeals, Eighth Appellate District, the Chief Justice convened the Court to sit *en banc* to review its pronouncements on the subject and reach a common policy conclusion.

One decision in particular, involving this matter, *Graham* v. *Graham*, unreported, No. 36318, Eighth Appellate District, decided July 7, 1977 caused consternation, principally among litigants in domestic relations cases. It has been inaccurately suggested that all judgments, including thousands of divorces, in which the referee rule was not properly followed were null and void. The purpose of the Court sitting *en banc* on this matter involving the rule is to state clearly this court's position on the applicability of Civil Rule 53, and to indicate the lack of any effect on previous judgments which have not been appealed for a failure to fully comply with Civil Rule 53.

In this present appeal from a judgment of the Cleveland Municipal Court in an action for forcible entry and detainer, the appellant assigned as error the failure to comply with the provisions of Civil Rule 53. On the day of the hearing, the trial judge entered judgment in favor of the plaintiff, pursuant to the referee's recommendations. While it is not clear from the record exactly when the hearing before the referee took place, the non-compliance with the fourteen-day provision to file objections under Civil Rule 53(E)(2) is apparent on the face of the record, because the court entered judgment only nine days after service was obtained on the appellant. By failing to provide the appellant with an opportunity to file objections to the referee's report, the court was not in a position to give sufficient consideration to the report to adopt it as its own judgment. *Ivywood Apartments* v. *Bennett* (1976), 51 Ohio App. 2d 209, 213. In addition to this defect in procedure, the record reflects that the referee's report was never filed with the clerk of courts as required.

A referee is not a judge and may not perform the duties of a judge. *Ivywood Apartments* v. *Bennett, supra* at 212. Civil Rule 53(A) provides that a referee may be used instead of a judge in those cases where the parties

do not have a right to a jury trial, or have waived that right. The powers of a referee are limited to regulating the proceedings at the hearing, taking evidence, and making a report and recommendation to the trial court. *Wolff* v. *Kreiger* (1976), 48 Ohio App. 2d 153, 155. The referee does not have the power to enter judgment in a case. *Logue* v. *Wilson* (1975), 45 Ohio App. 2d 132, 136. The judgment must be that of the trial court. While the trial court may completely adopt the referee's report as the judgment of the Court, this may not be done unless the report contains sufficient information to allow the Court to make its own independent analysis of the case. *Id.*, at 135-136. Moreover, the trial court may not act upon the referee's report until the report has been filed with the Clerk and the parties have been given the requisite time to file objections to it. *Berry* v. *Berry* (1977), 50 Ohio App. 2d 137, 141.

The failure of the referee in the Cleveland Municipal Court to prepare and file a written report and recommendations and deliver a copy thereof to both parties or their counsel in accord with Civil Rule 53(E) renders the judgment of the trial court voidable. Since the judgment of the trial court and the issuance of the writ of eviction "affected a substantial right in an action which in effect determines the action," the appellant had a right to appeal. R. C. 2505.02. The required actions of the referee under the rules are procedural in nature and are not determinative of the case since that power resides solely in the judge. The entry of the judgment by the trial court, not the failure of the referee, is the basis for the appeal. Since the appellant Peyton has assigned the Court's failure to follow the rule prior to entering the judgment as error and the record establishes the error, he is entitled to have the judgment of the Cleveland Municipal Court reversed and the case remanded for further proceedings.

In the interest of resolving the controversy which has arisen as a consequence of the judgment entries of this Court in a number of cases dealing with Civil Rule 53, a much fuller discussion is necessary and desirable. In setting aside the judgments below this Court has used such terms as "nullity," "no binding effect on either

party," "of no legal effect," "no force and effect," and "void." Some entries of this Court have reversed and remanded the cases for compliance with the rule, while other judgment entries have dismissed the appeals indicating that the order from which the appeal has been taken is not a final order and consequently is not appealable. Reference will be made to this split in approach to the disposition of the appeals later. It should be noted at this point that the jurisdiction of the trial court over the persons and subject matter of the action in the trial court was never questioned in any of these cases.

Some of the cases, notably *Graham, supra, Cerio* v. *Cerio,* unreported, No. 35869, Eighth Appellate District, decided May 12, 1977, *Antoniazzi* v. *Antoniazzi,* unreported, No. 37965 Eighth Appellate District, decided December 29, 1977 and *Finnerty* v. *Finnerty,* unreported, No. 36966, Eighth Appellate District, decided February 2, 1978, seem to stand for the proposition that any judgment entry entered by the trial court after a referee has heard a matter yet failed to comply fully with the rule is invalid as a matter of law and void. A reading of these cases reveals the legal reasoning followed by the particular judges in arriving at their decisions, which were limited to the facts before them. However, the use of the term "invalid" and "void," the latter particularly, suggests that unless there is a full compliance with Civil Rule 53 where required in the trial courts, every judgment, whether appealed or not, is invalidated or nullified. Since some persons feel that these opinions were not specifically limited to the facts of each case and did not exclude retroactive application of the holding, a serious question arises as to the validity of many prior judgments in which referees were used. This is the reason for concern by all litigants involved in any such cases because of the effect on the validity of subsequent marriages, the status of children born therefrom, and various and numerous property rights and business transactions involving themselves and persons dealing with them.

As noted earlier, in none of the cases decided by this Court was the jurisdiction of the trial court over the sub-

ject matter or the persons made an issue or discussed in the decisions. It is only in instances in which the trial court lacks jurisdiction that a judgment is void rather than voidable.

In the case of *Romito* v. *Maxwell, Warden* (1967), 10 Ohio St. 2d 266, at 267, the Supreme Court stated, "The effect of determining that a judgment is void is well established. It is as though such proceedings had never occurred; the judgment is a mere nullity." (*Tari* v. *State* [1927], 117 Ohio St. 481, 498.)

Although the trial court may commit error by not fully complying with the procedural requirements of Civil Rule 53, that failure does not affect the jurisdiction of the trial court to hear and determine the action. Inasmuch as the failure to comply with Civil Rule 53 is not jurisdictional, and on its face does not fall within any of the enumerated exceptions to the general rule of waiver of errors not raised in the trial court, any error to be assigned in relation to a failure to comply with Civil Rule 53(E) may in fact and law be waived. That a failure to comply with Civil Rule 53(E) is not jurisdictional in nature is supported by the decision in *Lindsey* v. *Lindsey* (1957), 106 Ohio App. 146, in which the Court held that the question of reference is not a jurisdictional matter, but one of procedure. *Id.*, at 152. In the case of *DeVille* v. *DeVille* (1949), 87 Ohio App. 220, in which the referee failed to certify his report and findings to the judge, and where the judge signed a judgment entry without a report and recommendation, the Court held,

"Since the proper procedural steps were not taken below to permit this court to pass upon other errors assigned, the order of this court is reversed and the cause remanded for further proceedings, including the certifying by the referee of his findings and recommendation, the notice to the parties of the presentation thereof, and the hearings of exceptions, if any, to such proceedings. *Mennel Milling Co.* v. *Slosser* (1942), 140 Ohio St. 445."

The Court in *DeVille* did not see the referee's failure to prepare, file, and notify the parties of his report to be a jurisdictional, hence non-waivable, defect.

In the case of *Berry* v. *Berry, supra,* decided by this

Court, it was held that where a referee fails to comply with Civil Rule 53(E), the trial court could not act until the report is properly filed; and any order rendered by the trial court is invalid as a matter of law. However, the Court did not at any point in the *Berry* decision discuss a loss of jurisdiction in the trial court. Again, as in *De-Ville*, the referee's failure to comply with the rule concerning the preparation and notice of his report in *Berry* was not held to be a jurisdictional, and hence non-waivable defect.

In May 1977, this Court rendered its decision in the case of *Cerio* v. *Cerio, supra*. In *Cerio* the trial court signed a judgment entry 'adopting a referee's report approximately 10 days prior to the date the parties' objections, if any, were due pursuant to Civil Rule 53(E)(2). Citing *Berry, supra*, and *Logue* v. *Wilson, supra*, the Court held that the trial court's signature adopting the referee's report on January 2, 1976, accelerating the date of acceptance made its confirmation invalid. This Court did not find a jurisdictional-non-waivable defect in *Cerio*.

In *Gallagher* v. *Gallagher*, unreported, No. 34321, Eighth Appellate District, decided January 8, 1976, the referee heard a motion to vacate and granted it November 2, 1973. A journal entry was filed by the Court December 6, 1973; however, the referee's report and recommendation was filed July 23, 1974, nearly seven months later.

In the decision, this Court stated that,

"Here the referee's report on the motion to vacate was filed over seven months after the court's entry of final judgment on that issue. This was erroneous because the purpose of permitting exceptions to the report prior to the entry of final judgment was frustrated. The error, however, was harmless. Defendant has failed to show that the report procedure followed was prejudicial to his substantive rights."

Not only did this Court not find a jurisdictional non-waivable defect in *Gallagher;* the failure of the trial court to comply with Civil Rule 53(E)(2) was held to be harmless error.

It should be noted that the decision of the trial court in the *Gallagher* case was affirmed. The decision of the

trial court in the *Cerio* matter was reversed and remanded for further proceedings according to law. The decision of the trial court in *Berry* was reversed and remanded for further proceedings consistent with the opinion.

The holding in *Graham, Antoniazzi,* and *Finnerty, supra,* provides yet a fourth differing opinion. In the dismissial of these appeals some persons have interpreted the language of the entries as voiding all the actions taken by the trial courts and invalidating all similar judgments, even those not appealed, for a failure to comply with Civil Rule 53.

All these decisions while calling for compliance with the rule pertained to the respective cases and did not challenge the jurisdiction of the trial courts. Some judges have viewed the rule as a procedural requirement and held that the failure to follow the rule results in error requiring the reversal of the judgment below, and a remand for further proceedings. Other judges have held that the non-compliance leaves an incomplete record and the entry of judgment without considering the properly filed report results merely in an interlocutory order which is not a final order subject to review under R. C. 2505.03 and hence must be dismissed as non-appealable. However, in neither approach was the action of the trial judge viewed as void or as having any effect whatsoever on cases not appealed.

Appropriate steps to rectify any claimed procedural or substantive errors of law in the cases decided by this Court have been or could have been taken by the parties involved. Our principal concern in elaborating on the issue in this case is to lay to rest the incorrect impressions which may have been drawn from the language employed in some of the journal entries and opinions.

This Court repeats for the sake of emphasis what was written earlier. Although the trial court may commit error by not complying fully with Civil Rule 53, that failure does not affect the jurisdiction of the trial court to hear and determine the action. To hold that failure to follow Civil Rule 53 terminates jurisdiction and voids all actions and judgments entered by the trial court flies in the face of well-established law and such a result was obviously not the intention of this Court. The failure of a referee in the

trial court to prepare and file a written report and recommendation and deliver a copy thereof to both parties or their counsel in accord with Civil Rule 53(E) renders any judgment entered thereafter by the trial court *voidable, not void.* If the action of the trial court is not challenged in timely appeal that judgment is valid and remains in full force and effect.

The failure to comply with Civil Rule 53 constitutes grounds upon which the appellate court may reverse the judgment of the trial court. As with any other procedural deficiency, upon a showing that the assigned error has merit and that it worked to the prejudice of the appellant, the judgment of the lower court will be set aside. Thus, all judgments of the trial court are potentially voidable. This potentiality, however, does not alone impair the validity of the judgment.

The mere raising as an assignment of error the trial court's failure to comply with Civil Rule 53, as in the case of any other assigned error, does not automatically affect the validity of the Court's judgment. As this Court stated in *Cleveland* v. *Whipkey* (1972), 29 Ohio App. 2d 79, at 88: "The presumption of the law is that the action of the trial court is legal until the contrary affirmatively appears, and the burden is upon one who claims the existence of error to affirmatively show such error." It is only after the Court has reviewed for error and determined that error exists that the trial court's judgment may be vacated. Unless the judgment is challenged, however, its validity does not become an issue. Thus, when a party has a possibly meritorious assignment of error, but does not appeal the lower court's decision in the case so that a determination of the assigned error can be made, that judgment remains valid and the prevailing party may fully rely upon it. After the thirty day time for the appeal of a judgment has run, the voidability of the judgment is removed, except in the limited circumstances under Civil Rule 60. If the judgment was voidable and not appealed, it is not a mere nullity, it cannot be disregarded, it cannot be attacked collaterally, and it remains in full force and effect.

This journal entry and opinion is not to be taken as a

152

condonation of the practices of referees which have not met the requirements of Civil Rule 53. To proclaim, however, that every action which has been referred to a referee since the adoption of the Ohio Rules of Civil Procedure, in which the referee may not have fully complied with the provisions of Civil Rule 53, is invalid as a matter of law is an error "pregnant with fearful consequences." These words were used in *Bingham* v. *Miller* (1848), 17 Ohio 445, in which the Ohio Supreme Court declared valid prior divorces which were technically invalid because they were granted as a result of legislative, not judicial action.

In short, until a case has been reviewed to determine if in fact either the referee or the trial court did not follow the procedure set out in Civil Rule 53, the judgment is not invalid as a matter of law. Therefore, the judgments in all cases in which there was not full compliance with the provisions of Civil Rule 53, but which were not appealed are valid. Only the cases which have been reviewed by this court on appeal and determined to be procedurally defective have been set aside and ruled invalid.

Trusting that this extended discussion has served a useful purpose in establishing the validity of prior judgments of the courts of this appellate district, the Court now enters its judgment on the particular case before it for decision.

In this present appeal arising out of the forcible entry and detainer action in the Cleveland Municipal Court, no report was filed by the referee with the clerk or sent to the trial judge. Any action taken by the Court before the report was filed was premature. *Berry* v. *Berry, supra,* at 141. Therefore, after examining the merits of the appellant's assigned error, we conclude that the trial court erred in entering the judgment, and the case is reversed and remanded for further proceedings.

*Judgment reversed and cause remanded.*

PATTON and DAY, JJ., concur.