DECISION AND JOURNAL ENTRY
Appellants-plaintiffs David C. Thomas, Sr. and David C. Thomas, Jr. appeal from a judgment in the Summit County Court of Common Pleas. This Court affirms.
On March 5, 1997, the Thomases filed a complaint against Thomas J. Fick, William Osborn, and Dale Panovich as individuals and in their official capacities as Copley Township trustees, and Walter Markowski in his individual and official capacity as Copley Township police chief. In their complaint, the Thomases alleged that the appellees-defendants had violated their constitutional rights by seizing the Thomases' car pursuant to R.C. 4513.65. The appellees answered, and then submitted a motion for summary judgment on July 8, 1997. The trial court granted summary judgment in favor of the appellees on August 22, 1997, and dismissed the complaint with prejudice. On August 28, 1997, David C. Thomas filed a motion for reconsideration, which he later amended on September 2, 1997. The trial court denied this motion on September 22, 1997. The Thomases appealed to this Court, but their appeal was subsequently dismissed as untimely.
Thereafter, on October 13, 1998, the Thomases filed a "motion to vacate summary judgment as void." On April 9, 1999, the trial court journalized an entry stating that the court had never received a copy of the motion and had become aware of the motion only by an April 6, 1999 letter from one of the Thomases; this letter is not part of the record. The trial court proceeded to construe the motion as brought under Civ.R. 60(B) and, noting that the motion failed to contain the necessary grounds for vacating judgment under the rule, the court conducted an independent examination of the record. Finding no evidentiary material sufficient to warrant relief, the trial court denied the motion.
The Thomases timely appeal, asserting seven related assignments of error.[1]
 Assignment of Error No. I
The Court errored [sic] in granting summary judgment.
 Assignment of Error No. II
The Court errored [sic] in not vacating its order of summary judgment.
 Assignment of Error No. III
The Court errored [sic] in applying Civ.R. 60(B) to common law motion to vacate judgment.
 Assignment of Error No. IV
The Court errored [sic] in making judgments in deciding summary judgment.
 Assignment of Error No. V
The Court errored [sic] in going beyond pleadings.
 Assignment of Error No. VI
The Court errored [sic] in deciding issues that should have been before a jury.
 Assignment of Error No. VII
The Court errored [sic] in deciding issues before Plaintiffs presented its [sic] case in their regard.
 In their seven assignments of error, the Thomases present assigned errors primarily related to the grant of summary judgment in favor of appellees. They have not, however, argued these assigned errors separately as App.R. 16(A) requires. As such, this Court may disregard the assigned errors. App.R. 12(A)(2). However, in the interest of justice, this Court shall address what appears to be the substance of the Thomases' arguments on appeal.
As noted, the majority of the Thomases' assigned errors concern the grant of summary judgment and not the denial of their motion to vacate. In the "Conclusion" section of their appellate brief, however, the Thomases do argue that "Civ.R. 60(B) does not extend to void judgments" because "[a] motion to vacate a void judgment is of common law ancestry." Therefore, the Thomases conclude, the trial court's denial of their motion was erroneous, because: (1) the underlying grant of summary judgment was void, and (2) the trial court therefore had incorrectly relied upon a perceived lack of compliance with Civ.R. 60(B) in ruling on their motion.[2] Accordingly, the Thomases ask this Court to vacate the grant of summary judgment.
This argument is without merit. The Thomases have correctly alleged that Civ.R. 60(B) is inapplicable in proceedings where the underlying order to be vacated is a void judgment. This is so because the Supreme Court of Ohio has held that "[t]he authority to vacate a void judgment is not derived from Civ.R. 60(B) but rather constitutes an inherent power possessed by Ohio courts."Patton v. Diemer (1988), 35 Ohio St.3d 68, paragraph four of the syllabus. Accordingly, this Court has explained that "[a] motion to vacate a void judgment need not comply with the requirements of Civ.R. 60(B)." Falk v. Wachs (1996), 116 Ohio App.3d 716, 721, citing Demianczuk v. Demianczuk (1984), 20 Ohio App.3d 244; Civ.R. 12(H)(7). Contrary to the Thomases' argument, however, the August 22, 1997 trial court order was not a void judgment.
This Court has stated that "[t]he circumstances under which judgments are declared to be void are rare. A judgment is void only where the court lacks jurisdiction of the subject matter or of the parties or where the court acts in a manner contrary to due process." Rondy v. Rondy (1983), 13 Ohio App.3d 19, 22. See, also, Greene v. Greene (May 30, 1984), Medina App. No. 1287, unreported ("A void judgment is one entered either without jurisdiction of the person or of the subject matter."). In the instant case, the Thomases argued in their motion to vacate that the trial court exceeded its jurisdiction by determining issues of fact and by deciding questions outside the province of summary judgment proceedings. These arguments, however, go to the validity of the reasoning behind the grant of summary judgment and not to the trial court's jurisdiction over the parties or subject matter. As the Twelfth District has explained, this does not result in a void judgment:
 "It is only in instances in which the trial court lacks jurisdiction that a judgment is void * * *." Eisenberg v. Peyton (1978), 56 Ohio App.2d 144, 148. In all other instances, the trial court's decision is voidable, i.e., it may be reversed if challenged on appeal. However, if a timely appeal is not taken, the decision stands and it is valid and binding. Sturgill v. Sturgill (1989), 61 Ohio App.3d 94, 101. "After the thirty day time for an appeal of judgment has run, the voidability of the judgment is removed, except in the limited circumstances under Civ.R. 60(B)." Eisenberg, supra, at 151.
Huebner v. Scott (Nov. 23, 1992), Madison App. No. CA 92-06-014, unreported. Therefore, because the August 22, 1997 judgment entry was not void but merely voidable — even if the trial court had erred in its reasoning — then Civ.R. 60(B) applied.
The Supreme Court of Ohio has set forth the standard for evaluating a Civ.R. 60(B) motion to vacate:
 To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where grounds for relief are Civ.R. 60(B)(1),(2) or (3), not more than one year after the judgment or order or proceeding was entered or taken.
GTE Automatic Electric, Inc. v. ARC Industries (1976),47 Ohio St.2d 146, paragraph two of the syllabus. Each prong of the three-part test must be satisfied for vacation to occur.Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 20. In addressing the grant or denial of such motions on appeal, an appellate court proceeds on an abuse of discretion standard, which means that reversal is warranted only if the trial court's action was arbitrary, unreasonable, or unconscionable. Myers v. Myers (Sept. 29, 1999), Summit App. No. 19267, unreported, citing Strack v. Pelton (1994),70 Ohio St.3d 172, 174; The V Cos. v. Marshall (1988), 81 Ohio St.3d 467,469.
This Court has stated:
 In contrast to the trial court's inherent authority to set aside a void judgment, Civ.R. 60 sets forth the exclusive procedure for collaterally attacking a voidable judgment. This mechanism is limited since a motion to vacate is a special proceeding which is not to be employed as a substitute for an appeal.
(Citations omitted.) Sody v. J.B. Realty (Jan. 15, 1992), Lorain App. No. 91CA005093, unreported. See, also, Durkin v.Ungaro (1988), 39 Ohio St.3d 191, 192. In Crim v. AdultParole Authority (Sept. 10, 1997), Lorain App. No. 96CA006602, unreported, this Court explained that "where a movant attempts to challenge the substance of a judgment through Civ.R. 60(B), the motion must be filed within the period for appeal or risk being dismissed as a mere substitute for appeal." Although this should not be interpreted to mean that filing outside the time for appeal automatically requires dismissal, appellants such as the Thomases run the risk of having their motions denied as improperly raising issues that should have been raised on direct appeal. See id.
For example, in Ward v. Hengle (May 19, 1999), Summit App. Nos. 19199 and 19430, unreported, this Court addressed a situation in which the appellant had failed to specify any Civ.R. 60(B) ground for relief in its motion. This Court noted that the "[Civ.R.] 60(B) motion was nothing more than a challenge to the legal correctness of the trial court's [decision]. Such a challenge should have been raised on appeal, but the [appellant] failed to raise it." Id. Accordingly, because the appellant had failed to assert any basis for relief under Civ.R. 60(B), this Court found no abuse of discretion on the part of the trial court in refusing to vacate its judgment. Id. In so doing, this Court reasoned that the "errors which could have been corrected by a timely appeal cannot be the predicate for a Civ.R. 60(B) motion for relief from judgment." Id., quoting Kelm v. Kelm (1992),73 Ohio App.3d 395, 399. See, also, Crim, supra (noting additionally that an examination of the surrounding circumstances could excuse a failure to proceed with a timely appeal).
This rationale is directly applicable to the instant case. Here, the Thomases previously appealed from the grant of summary judgment, but, due to their own lack of diligence, their appeal was untimely filed. They then tried to circumvent their lack of diligence by filing a motion to vacate, yet their motion did not even address the GTE test. On appeal, they erroneously argue that Civ.R. 60(B) does not apply. Given such actions, this is not a case in which justice demands that the Civ.R. 60(B) motion be granted.
The Thomases' seven assignments of error are overruled. The judgment of the court of common pleas is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellants.
Exceptions.
 ______________________________ DONNA J. CARR, Presiding Judge
WHITMORE, J., BATCHELDER, J., CONCUR
[1] The Thomases designated two of their assignments of errors as number four. In presenting their assignments of errors, this Court has corrected the numbering of each assignment of error. Further, because the assignments of error are related, they shall be addressed together.
[2] It appears that the Thomases allege that the underlying order was void because: (1) the trial court looked beyond the pleadings in granting summary judgment, (2) that court's determination that they could not bring their federal claim was premature, and (3) they had requested a jury trial. In regard to the first two allegations, the Thomases have misconstrued the operation of Civ.R. 56. In regard to the third allegation, assuming arguendo that the Thomases were entitled to demand a jury trial pursuant to Civ.R. 38, this Court notes that "[a]n individual's right to a jury trial is not abridged by the proper granting of a motion for summary judgment." University CarnegieMedical Partners Assoc. v. Cleveland Therapy Center (Oct. 15, 1992), Cuyahoga App. Nos. 61016 and 61463, unreported, citing Houkv. Ross (1973), 34 Ohio St.2d 77, 83-84, overruled on other grounds by Marshall v. Aaron (1984), 15 Ohio St.3d 48 (implicitly overruling Houk on a summary judgment issue while leaving right to jury trial language undisturbed).