OPINION
This matter is before this court upon the appeals of plaintiff-appellant, Robert N. Shamansky ("appellant"), from the April 16, 1999 decisions and entries of the Franklin County Court of Common Pleas which adopted in part and modified in part the commissioners' report; denied appellant's objection to the appraisal report secured by the commissioners; denied appellant's objection to the December 10, 1998 proposal for in-kind distribution; and denied appellant's objection to the defendants-appellees' proposed commissioners' report.
On September 19, 1997, appellant filed five separate partition actions in the Franklin County Court of Common Pleas seeking partition of certain real property. Named as defendants were Samuel C. Shamansky, Gale M. Shamansky, Thomas R. Maimone, and Fannie Levi (hereinafter "appellees"). Appellant asserted that he had an undivided interest in each of the described real properties.
By order dated March 18, 1998, the trial court appointed J. Craig Wright to act as a commissioner in these partition actions. By order dated April 29, 1998, the trial court appointed Richard L. Royer and Fred E. Dauterman, Jr., to act as commissioners as well. According to the parties' briefs, the commissioners then retained Kohr Royer Griffith, Inc. to prepare appraisals of the properties involved in the partition action. Both appellant and the Shamansky appellees filed objections to the appraisals prepared by Kohr Royer Griffith. On December 18, 1998, appellant filed information concerning his income tax basis in certain of the properties as requested by the commissioners.
In their briefs, both appellant and appellees state that they were requested to submit proposed commissioners' reports to the commissioners and that they filed proposed commissioners' reports on February 3, 1999. A review of the record indicates that nothing was filed with the trial court on February 3, 1999, and those proposed commissioners' reports are not in the record. However, the parties' objections to each other's proposed commissioners' reports are in the record.
Apparently a status conference was held on February 17, 1999. The parties state in their briefs that, at that conference, they were given the following: (1) a January 10, 1999 letter from commissioner Royer to commissioner Wright outlining three alternative approaches which the trial court could adopt to equitably partition the properties; (2) a February 10, 1999 memorandum from commissioner Dauterman to commissioner Wright setting forth a fourth alternative which the trial court might adopt; and (3) a letter dated February 11, 1999 from commissioner Wright to the trial judge enclosing the Royer letter and various other documents, commenting on the parties' respective legal arguments concerning the trial court's authority to impose an in-kind allocation of whole parcels and stating that the decision concerning those legal arguments would have to be made by the trial court. Upon review of the record, none of the above three-referenced letters were filed with the trial court. There is a December 7, 1998 letter from commissioner Dauterman; however, there is no February 10, 1999 letter, nor are there any letters from commissioners Royer or Wright.
In their briefs, the parties then state that the trial court gave them until February 26 to respond to the Royer letter. Appellant states that, at the status conference, the trial judge actually informed the parties that the Royer and Wright letters, in combination, were to be considered as the commissioners' report for purposes of the partition proceeding. However, as stated previously, the record does not contain a letter from either commissioners Royer or Wright. Furthermore, no transcript was made of the status conference and no order was put on by the trial judge which would indicate that the trial court was considering those two letters as constituting the commissioners' report. Nevertheless, appellees filed a response to the "Commissioners' Report" and appellant filed a memorandum regarding the "Commissioners' Recommendation." Both appellant and appellees addressed the Royer and Wright letters in their objections.
On April 16, 1999, the trial court issued its decisions and entries which substantially adopted the first alternative allegedly set forth in the Royer letter with a couple of modifications. Nunc pro tunc entries were put on April 22, 1999, merely to correct a misstatement as to the value of one of the properties at issue.
On May 12, 1999, appellant filed his notices of appeal from the trial court's decisions and entries, wherein he asserts the following eight assignments of error:
Assignment of Error No. 1:
 The trial court erred by entering its Partition Order in violation of R.C. Chapter 5307 before receiving a signed, written report from the Commissioners.
 Assignment of Error No. 2:
 The trial court erred by entering its Partition Order in violation of R.C. Chapter 5307 before giving the parties an opportunity to object to any commissioners' report and present evidence at a hearing relating to those objections.
 Assignment of Error No. 3:
 The trial court erred by entering its Partition Order in violation of R.C. Chapter 5307 before giving the parties an opportunity to present evidence at a hearing relating to the parties' objections to the Kohr Royer Griffith Inc. appraisal reports.
 Assignment of Error No. 4:
 The trial court erred by "setting-off" a grossly disproportionate allocation of parcels in one case against a grossly disproportionate allocation of different parcels owned by different owners in a different case.
 Assignment of Error No. 5:
 The trial court erred in violating R.C. 5307.07 and In re Prentiss by allocating whole parcels among parties when those parcels were not (a) owned by identical groups of tenants in common who (b) owned the same proportions in each parcel so allocated.
 Assignment of Error No. 6:
 The trial court erred by impermissibly granting new ownership interests to Defendant-Appellee Samuel C. Shamansky in parcels in which he was not an owner.
 Assignment of Error No. 7:
 The trial court erred by making grossly disproportionate allocations of whole parcels in these separate cases in violation of R.C. Chapter 5307.
 Assignment of Error No. 8:
 The trial court erred by violating the statutory cap on fees payable to the commissioners pursuant to R.C. 2335.01.
R.C. Chapter 5307 allows for partition actions to be brought among tenants in common, survivorship tenants and other co-practitioners of estates and land. If a court of common pleas finds that the plaintiff(s) in a partition action has a legal right to any part of the estate in question, the court shall order a partition of the premises and appoint up to three suitable, disinterested persons to be commissioners to make the partition. R.C. 5307.04. Pursuant to R.C. 5307.06, the commissioners "shall view and examine the estate and, on their oaths and having due regard to the improvements, situation, and quality of the different parts, set it apart in lots that will be most advantageous and equitable." If the commissioners are of the opinion that the estate cannot be divided without manifest injury to its value, the commissioners "shall return that fact to the court of common pleas with a just valuation of the estate." If the court approves the return and if one or more of the parties elects to take the estate at the appraised value, they may do so, or the properties may be sold at public auction. R.C. 5307.09; R.C. 5307.11.
It is apparent, from reading R.C. Chapter 5307, that the commissioners had the duty to "view and examine the estate and, on their oath and having due regard to the improvements, situation, and quality of the different parts, set it apart in lots that will be most advantageous and equitable." Furthermore, when the commissioners were of the opinion that the estate could not be divided without manifest injury to its value, the commissioners were required to return that fact to the court of common pleas with a just valuation of the estate. Nothing in R.C. Chapter 5307 provides for any formal requirements regarding the manner in which the commissioners are to inform the trial court of their decision regarding the manner in which to divide the property or their explanation as to why division would provide a manifest injury to the estate.
The parties state in their briefs that commissioners Royer and Wright authored letters regarding their opinions on the division of the properties and outlining suitable alternatives. Based upon a reading of the requirements of R.C. 5307.09, there is no reason why the rendering of the commissioners' decision could not have been made in letter form. However, as previously indicated, there are no letters from commissioners Royer and Wright which have ever been filed in the trial court.
It is common practice, in fact it is a requirement, in trial courts that anything which is to be considered by the trial court in the rendering of the trial court's decision is required to be filed with the court. The reasons for this are obvious. By filing evidence herein, the appraisals and the letters/reports from commissioners Royer and Wright, all parties, as well as the trial court, are put on notice of what evidence is before the trial court for the judge's consideration. Furthermore, if and when a matter is appealed to a higher court, that higher court has a record upon which that court can determine whether or not errors occurred at the trial court level. In the matter before this court, no record has been made for this court to review.
In determining the best way to handle this matter, this court finds it instructive to analogize the appointment of commissioners in a partition action to the appointment of a magistrate in a trial court action. Civ.R. 53 outlines the procedures for the referencing of matters to magistrates and provides detailed instructions regarding the magistrate's duties, responsibilities, and manner in which the magistrates are to report their decisions to the trial court. Before a magistrate's decision can even be considered and eventually ruled upon by the trial court, the magistrate's decision must be filed with the trial court. Thereafter, the parties have the opportunity to present objections. If a magistrate's decision is never filed with the clerk of the trial court, the trial court does not have authority to act on the merits of the objections or to adopt, modify or reject the report until the report is filed with the clerk for journalization and the parties have been given an opportunity to object. Berry v. Berry (1977), 50 Ohio App.2d 137;In the Matter of: Serrano (Mar. 19, 1999), Trumbull App. No. 98-T-0016; Putkonen v. Henderson (May 11, 2000), Cuyahoga App. No. 76325.
As stated previously, there has never been a commissioners' report filed with the trial court. Furthermore, even if the trial judge made the determination to consider the Royer and Wright letters as constituting the commissioners' report, neither of those letters have been filed and made a part of this record and there is no order or entry from the trial court indicating that those letters would be considered as the commissioners' report. As such, the trial court did not have authority to act on the merits of the objections or to adopt, modify or reject the commissioners' report even though the parties have filed objections to that report.
Based upon the above, this court sustains in part appellant's first assignment of error which alleged that the trial court erred by entering its partition order before receiving a signed, written report from the commissioners. As stated previously, there are no formal requirements for the commissioners' report; however, whatever form that report takes, it must be filed with the trial court and made a part of the record before the trial court has authority to act on it. By sustaining in part appellant's first assignment of error, the remainder of appellant's assignments of error are rendered moot.
Based on the foregoing, this court sustains in part appellant's first assignment of error, the April 16, 1999 decisions and entries of the Franklin County Court of Common Pleas are vacated, and this matter is remanded to the trial court for further proceedings consistent with this opinion.
 _____________________ KENNEDY, J.
PETREE, J., concurs.
LAZARUS, J., concurs in judgment only.