OPINION
This timely appeal arises from a judgment entry of the Belmont County Court of Common Pleas which sentenced Appellant Kevin R. Pitts ("Appellant") to twenty-four months of imprisonment as a result of his violations of prior community control sanctions. Appellant argues that he should not have been sentenced to the maximum and consecutive sentences in light of the sentencing factors found in R.C. § 2929.12, et seq. For the following reasons, we overrule Appellant's assignment of error and affirm the decision of the trial court.
On February 1, 1999, Appellant pleaded guilty and was convicted of one count of theft in violation of R.C. § 2913.02(A)(1), and one count of breaking and entering in violation of R.C. § 2911.13(A). Both counts constitute felonies of the fifth degree, punishable by up to twelve months in prison.
On March 8, 1999, the trial court sentenced Appellant to five years of community control sanctions, including four months of incarceration in the Belmont County Jail and six months at the Eastern Ohio Corrections Center. The sentencing entry stated that the penalty for violating the community control sanctions was twenty-four months of imprisonment, consisting of two consecutive twelve-month sentences for the two crimes.
On November 5, 1999, the State filed a motion with the sentencing court to revoke Appellant's community control sanctions. The State alleged that Appellant had violated four conditions of his community control order, including his conviction on two first degree misdemeanor crimes while under community control and failing to pay restitution and court costs. Appellant admitted the violations and a sentencing hearing was held on November 15, 1999.
On November 16, 1999, the trial court revoked Appellant's community control sanctions and reimposed the two consecutive twelve month terms of imprisonment in the original sentencing order. It is this judgment entry which forms the basis of the instant appeal.
Appellant's sole assignment of error alleges:
 "The Court abused its discretion in sentencing Appellant to two twelve (12) month terms in the penitentiary to run consecutively."
Appellant argues that under R.C. § 2953.08, he has the right to appeal a felony sentence that is contrary to law. Appellant argues that the trial court was required to consider the sentencing factors found in R.C. § 2929.12 et seq. before sentencing him to the maximum consecutive sentences. Appellant argues that, applying the factors found in R.C. § 2929.12(B), his crimes were not more serious than that which normally constitutes each offense. Appellant maintains that his criminal behavior consisted of entering a garage, taking two watches and some cash and removing a tool from a truck, which Appellant apparently believes to be relatively minor infractions. Appellant concludes that such behavior should not warrant the maximum penalty prescribed for both crimes. Based on the record before us and the procedural history of this matter, Appellant's reasoning is unpersuasive.
Appellant did not file a direct appeal of the March 8, 1999, Journal Entry which originally imposed his twenty-four month prison term. In essence, Appellant now attempts to belatedly appeal that decision by filing the instant appeal. Although it is questionable whether the trial court, in its March 8, 1999, entry, had the authority to impose and then suspend a felony prison sentence, Appellant should have raised this issue by means of a direct appeal of the original sentencing order. See R.C. § 2929.51. "Unless the judgment is challenged, however, its validity does not become an issue. Thus, when a party has a possibly meritorious assignment of error, but does not appeal the lower court's decision in the case so that a determination of the assigned error can be made, that judgment remains valid * * *." Eisenberg v. Peyton (1978),56 Ohio App.2d 144, 151. Appellant failed to question the propriety of the original twenty-four month sentence in a direct appeal. Thus, he should not now be permitted to challenge that sentence in a subsequent community control revocation proceeding.
Procedural questions aside, the trial court appears to have followed the statutory guidelines for imposing maximum and consecutive sentences in its November 16, 1999 Judgment Entry. R.C. § 2929.15(B) states, in pertinent part:
 "If the conditions of a community control sanction are violated * * * the sentencing court may impose a longer time under the same sanction * * *, may impose a more restrictive sanction * * *, or may impose a prison term on the offender pursuant to section 2929.14 of the Revised Code. The prison term, if any, imposed upon a violator pursuant to this division shall be within the range of prison terms available for the offense for which the sanction was violated was imposed and shall not exceed the prison term specified in the notice provided to the offender at the sentencing hearing
pursuant to division [(B)(5)] of section 2929.19 of the Revised Code. * * *"[1]
When a trial court imposes a prison term as a consequence of community control sanction violations, R.C. § 2929.15(B) mandates three things; that the prison term: 1) be within the range of terms available as penalties for the underlying offense; 2) not exceed the term contained in the notice to the defendant at the prior sentencing hearing; and 3) comply with the sentencing provisions of R.C. § 2929.14.
Appellant received the maximum sentences for his two fifth degree felony convictions and he was notified that he would receive the maximum sentences for those convictions if he violated his community control sanctions in the March 8, 1999, Judgment Entry. This satisfies the first two requirements of R.C. § 2929.15(B).
The essence of Appellant's argument is that the trial court did not satisfy the third requirement of R.C. § 2929.15(B), in that he claims the provisions of R.C. § 2929.14 regarding maximum prison sentences and consecutive prison terms were not followed.
R.C. § 2929.14(C), dealing with maximum prison terms, states:
 "[T]he court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section."
The trial court may impose a maximum prison term if it finds that any one of the four factors listed in R.C. § 2929.14(C) applies. In its original sentencing entry and in the entry revoking community control, the trial court found that the maximum prison term was required to protect the public from future crime and that Appellant was likely to commit future crimes. The court noted in both entries that Appellant had previously served time in a penitentiary, had committed multiple offenses on separate occasions, and in the latter entry noted that Appellant had committed offenses while he was under community control sanctions. The record reveals that the trial court imposed the maximum sentence in compliance with R.C. § 2929.14(C) when it found that Appellant was an offender who posed the greatest likelihood of committing future crimes.
R.C. § 2929.14(E)(4), which relates to consecutive sentences, states:
 "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 "(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 "(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
The trial court specifically found that consecutive sentences were necessary to protect the public from future crime, were necessary to punish Appellant, were not disproportionate to the seriousness of Appellant's conduct and that the harm to the victims was so great that a single prison term would not adequately reflect the seriousness of the crimes. The court also found that Appellant had a history of criminal conduct which included prior prison terms and prior crimes committed while under community control sanctions. These findings more than satisfy the requirements of R.C. § 2929.14(E)(4) and justify the imposition of consecutive sentences.
For all of the foregoing, Appellant's assignment of error is without merit and we affirm the decision of the trial court in full.
 _________________ WAITE, J.
Donofrio, J., concurs, DeGenaro, J., concurs.
[1] Although R.C. § 2929.15(B) actually refers to R.C. §2929.19(B)(3), it appears that the reference is a misprint and that the correct reference is to R.C. § 2929.19(B)(5). See State v. Brown
(March 20, 2000), Wyandot App. No. 16-99-12, unreported; State v.Virasayachack (2000), 138 Ohio App.3d 570, 574.