[Cite as *State v. Logan*, 2013-Ohio-4493.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99434**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## CARLTON R. LOGAN

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-272143

**BEFORE:** Jones, J., Stewart, A.J., and E.A. Gallagher, J.

**RELEASED AND JOURNALIZED:** October 10, 2013

**FOR APPELLANT**

Carlton Logan, Pro se
Inmate #274-790
Grafton Correctional Institution
2500 South Avon-Belden Road
Grafton, Ohio 44044


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY: T. Allan Regas
Assistant County Prosecutor
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

LARRY A. JONES, SR., J.:

**{¶1}** Defendant-appellant, Carlton Logan, appeals from the trial court's December 2012 judgment granting his motion for jail-time credit, but for only 120 days instead of the requested 638 days.    We affirm.

## I.    Procedural History

**{¶2}** In October 1991, Logan was charged by the Cuyahoga County Grand Jury with numerous crimes.    The case proceeded to a jury trial in May 1992, and the jury found him guilty of 14 of the 16 indicted counts.    The trial court sentenced Logan to a 21-year sentence for gun specifications, to be served prior to an aggregate indefinite sentence of 15 to 125 years for the underlying offenses.

**{¶3}** Logan's convictions were affirmed by this court.    *State v. Logan*, 8th Dist. Cuyahoga No. 63943, 1993 Ohio App. LEXIS 5389 (Nov. 10, 1993), *reopening denied*, *State v. Logan*, motion no. 318981; *appeal not allowed*, 91 Ohio St.3d 1446, 742 N.E.2d 144 (2001) (Table No. 00-2262).

**{¶4}** In October 2012, Logan filed a motion for jail-time credit, seeking credit for 638 days.    The trial court granted the motion, but gave Logan credit for only 120 days.

**{¶5}** Carlton now raises the following two assignments of error for our review:

[I.] The trial court improperly denied Defendant-Appellant the full 638 days of Jail Time Credit he is legally entitle[d] to.


[II.] The trial Court Erred when it charge[d] and convicted Appellant when it did not have Jurisdiction over the Subject Matter.

## II.    Law and Analysis

{¶6} In his motion for credit, made under R.C. 2967.191,[1] Logan sought credit for 7 days he served in the Euclid city jail from September 13, 1991, through September 20, 1991, and 631 days he served in the Lake County jail from September 20, 1991, through June 23, 1993. Logan attached the "Appearance and Execution Criminal Docket" from this case as the sole exhibit to his motion.

{¶7} Relative to the issue here, the docket reflects that Logan was indicted in this case on October 18, 1991. The first entry on the public online docket of the Cuyahoga County Clerk of Courts' office, dated November 6, 1991, reads: "At the request of the defendant, case continued to November 8, 1991. Prosecutors are filing a writ to bring defendant back from Lake County."

{¶8} By Logan's own admission, he turned himself in on September 13, 1991 to the Bureau of Alcohol, Tobacco and Firearms, a federal agency, and was "transferred to the Euclid City Jail to be housed as a federal prisoner * * *." Logan's Brief, p. 1. Logan further admits that on "September 20, 1991, the United States Marshals transferred [him] from the Euclid City Jail * * * to the Lake County [Jail] * * *." *Id.*

---

[1] R.C. 2967.191, states in relevant part that the department of rehabilitation and correction "shall reduce the stated prison term of a prisoner or, if the prisoner is serving a term for which there is parole eligibility, the minimum and maximum term or the parole eligibility date of the prisoner by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial * * * as determined by the sentencing court under division (B)(2)(g)(i) of section 2929.19 of the Revised Code * * *."

{¶9} Logan was being held on federal charges at the time the state indicted him in this case.[2] Jail-time credit is to be applied to an inmate's sentence only for confinement related to the specific case in which that sentence is imposed, even if the inmate's state and federal sentences arose from the same conduct. *State ex rel. Carter v. Wilkinson*, 10th Dist. Franklin No. 03AP-737, 2004-Ohio-3386, ¶ 8.

{¶10} In light of the above, Logan was not entitled to "double" credit for the time he was incarcerated as a federal prisoner.[3] The first assignment of error is, therefore, overruled.

{¶11} For his second assigned error, Logan contends that the trial court did not have jurisdiction over him because he was subject to prosecution by the federal government.[4] The doctrine implicated in Logan's second contention is that of dual sovereignty.

{¶12} The doctrine of dual sovereignty provides that a defendant may be subjected to successive trials at both the state and federal levels for the same act or offense. *Moore*

---

[2]See also this court's opinion from his direct appeal stating, in resolving Logan's speedy trial assigned error, that "at the time of the instant indictment, [Logan] was already being held on federal charges. The State in fact, issued a writ of *habeas corpus* to U.S. Marshals, to have [Logan] transferred from Lake County Jail to Cuyahoga County Jail for arraignment in the instant case." (Emphasis sic.) *Logan*, 8th Dist. Cuyahoga No. 63943, 1993 Ohio App. LEXIS 5389, at *13.

[3]Logan even admits in his reply brief that he was given credit for time served in his federal case starting September 13, 1991. *See* Reply Brief, p. 3.

[4]A jurisdictional defect cannot be waived. *State ex rel. Jones v. Suster*, 84 Ohio St.3d 70, 75, 701 N.E.2d 1002 (1998); *see also Eisenberg v. Peyton*, 56 Ohio App.2d 144, 148, 381 N.E.2d 1136 (8th Dist.1978). Since it cannot be waived, jurisdiction can be raised at anytime even on appeal for the first time. *Id.*

*v. Illinois*, 55 U.S. 13, 14 L.Ed. 306 (1852), syllabus. The doctrine was developed in order to avoid having state prosecutions hinder federal law enforcement by barring federal prosecutions based on the same acts. *United States v. Lanza*, 260 U.S. 377, 382, 43 S.Ct. 141, 67 L.Ed. 314 (1922).

{¶13} The Ohio Supreme Court has applied the dual sovereignty doctrine relative to federal and state prosecutions of the same criminal conduct, stating:

> [W]e are of the opinion that the power of a state to prosecute under state law for the same act a defendant who has already been prosecuted under federal law satisfies a legitimate state interest in preserving "the historic right and obligation of the States to maintain peace and order within their confines."

*State v. Fletcher*, 26 Ohio St.2d 221, 226-227, 271 N.E.2d 567 (1971), quoting *Bartkus v. Illinois*, 359 U.S. 121, 137, 79 S.Ct. 676, 3 L.Ed.2d 684 (1959).

{¶14} In light of the above, the trial court had jurisdiction over the state's case against Logan. The second assignment of error is, therefore, overruled.

{¶15} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

LARRY A. JONES, SR., JUDGE

MELODY J. STEWART, A.J., and
EILEEN A. GALLAGHER, J., CONCUR